APRIL 21, 1969.

No. ——. NEGRE *v.* LARSEN, COMMANDING GENERAL, ET AL. C. A. 9th Cir. Application for stay and alternative writ of mandate presented to MR. JUSTICE DOUGLAS, and by him referred to the Court, denied. *Solicitor General Griswold* in opposition.

MR. JUSTICE DOUGLAS, dissenting.

Petitioner, a member of the Armed Forces who was inducted in August 1967, applied for discharge as a conscientious objector in January 1969.

The Army hearing officer recommended that petitioner be discharged as a religiously motivated CO. But the Army denied relief. Petitioner then appealed to the Army Board for Correction of Military Records, which denied relief.

Meanwhile petitioner filed a petition for habeas corpus in the Federal District Court (D. C. N. D. Calif.) asking *inter alia* for a stay of his shipment overseas pending disposition of his claim before the Army Board. The District Court denied relief and petitioner appealed to the Court of Appeals.

On April 7, 1969, petitioner asked me as Circuit Justice to stay his shipment overseas, pending disposition of his appeal by the Court of Appeals. The application reached me at 7:30 p. m., April 7. The shipment of petitioner overseas was scheduled for April 8, 1969, at 10 a. m. (E. S. T.). So I issued the stay about 8:15 p. m., April 7. My stay ran through April 18, and was issued so that the Conference could pass on the questions which seemed to me to be substantial.

Federal courts do not intervene on the merits pending exhaustion of military administrative remedies. *Gusik* v. *Schilder,* 340 U. S. 128. But the question is whether the federal courts have any oversight over members of

the Armed Forces when they are seeking to exhaust their military administrative remedies. Moreover, when military administrative remedies are exhausted, can a federal court maintain the *status quo* while it determines the merits? That is to say, can a federal court "in aid of" its jurisdiction, 28 U. S. C. § 1651, keep a member of the Armed Services from being spirited out of the country? Some lower courts have granted interim relief pending exhaustion of military administrative remedies. *Schwartz* v. *Covington,* 341 F. 2d 537. Cf. *Nelson* v. *Miller,* 373 F. 2d 474.

Army Regulation 15–185, § III, par. 9 (Jan. 8, 1962), provides: "The application to the Board for correction of a record will not operate as a stay of any proceedings being taken with respect to the person involved." While that gives the Army a directive, it is of no significance in resolving the "in aid of" question under 28 U. S. C. § 1651.

This question is, in my mind, so substantial that it warrants issuance of the stay.