**Ransome Burr HOLMES, Appellant,**

v.

**Delbert A. HOFFMAN et al., Appellees.**

**No. 19995.**

United States Court of Appeals, Eighth Circuit.

June 30, 1970.

Gordon C. Moosburger, St. Paul, Minn., for appellant.

Robert G. Renner, U. S. Atty., and Peter J. Thompson, Asst. U. S. Atty., Minneapolis, Minn., for appellees.

Before VAN OOSTERHOUT, Chief Judge, and MEHAFFY and LAY, Circuit Judges.

PER CURIAM.

We treat as consolidated appeals the denial of petitioner's request for a writ of habeas corpus and his subsequent request for a writ of mandamus seeking a stay of his orders to report for active duty in the armed forces of the United States.

Petitioner was a member of the Minnesota Army Reserve National Guard. He applied for discharge as a conscientious objector under Army Regulation 135–25. On August 5, 1969, this was denied. The petitioner thereafter appealed to the Chief National Guard Bureau in Washington, D. C. On October 19, 1969, petitioner was discharged from the National Guard and called to active duty because of his unsatisfactory participation by refusal to attend meetings. On October 20, 1969, he filed for a writ of habeas corpus, praying for injunctive relief. On October 27, he returned to the federal district court seeking a writ of mandamus, a declaratory judgment, an injunction, a discharge from the army and a temporary restraining order. The district court denied both petitions on the ground that petitioner had failed to exhaust his administrative remedies. We agree.

This case is controlled by this court's opinion in Schultz v. Clifford, 417 F.2d 775 (8 Cir. 1969). See also Noyd v. Bond, 395 U.S. 683, 89 S.Ct. 1876, 23

L.Ed.2d 631 (1969); Negre v. Larsen, 394 U.S. 968, 89 S.Ct. 1450, 22 L.Ed.2d 750 (1969); Gusik v. Schilder, 340 U.S. 128, 71 S.Ct. 149, 95 L.Ed. 146 (1950). And see Swartz v. Laird, 431 F.2d 699 (6 Cir. Feb. 2, 1970). There exists no procedural irregularity which would require a reconsideration by the officials of the National Guard. Cf. In re Kelly, 401 F.2d 211 (5 Cir. 1968); Hammond v. Lenfest, 398 F.2d 705, 718 (2 Cir. 1968). The avenue is still open for petitioner to present his conscientious objector claim under the Department of Defense Directive 1300.6 and Army Regulation 635–20.[1]

Judgment affirmed.

---

1. It must be noted that according to Department of Defense Directive 1300.6, pending a decision in his case, an inservice applicant is, to the extent practicable, to be "employed in duties which involve the minimum conflict with his asserted beliefs." In fact, the army has already indicated to Holmes that after reporting to Fort Leonard Wood, Missouri, he would only be required to "perform minimal duties pending action on his application.'