**UNITED STATES of America,
Plaintiff,**

v.

**Gene Errol SHAIFER, Defendant.**

**No. 68 CR 467.**

*United States District Court,
N. D. Illinois, E. D.*

Feb. 25, 1969.

Thomas A. Foran, U. S. Atty., E. Robinson, Asst. U. S. Atty., for the United States.

Leonard Karlin, Rueben Kolkey, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

NAPOLI, District Judge.

Gene Errol Shaifer was indicted for failure to submit to induction into the armed forces. He has moved for a dismissal of the indictment on the ground that the order for induction upon which the indictment is predicated, was issued in violation of his right to due process and equal protection of law.

On May 15, 1967, Shaifer, then classified I–A, appeared before his local board for a personal appearance at which was discussed his eligibility for a II–S student deferment. The defendant requested that he be given a SSS Form 150 which is the form submitted by one seeking exemption from military service as a conscientious objector. This form was supplied, executed and returned to the local board on or about May 25, 1967.

On June 19, 1967, the defendant again appeared before the local board. The record contains a document entitled "Report of Oral Examination" which appears to be dated June 19, 1967. The document states: "Mr. Shaifer appeared for his personal appearance before the board, but had no new information. Mr. Shaifer was dismissed without delay until he get (sic) his school rank in for his last semester term."

The defendant remained classified I–A and his appeal from the local board was unsuccessful. He was ordered to report for induction in November, 1967 and his refusal to do so resulted in this indictment.

The crucial question presented by this motion is whether the defendant has been afforded due process under the selective service laws when nowhere in the record does it appear that the defendant's request for deferment as a conscientious objector was ever considered by his local board. This Court is of the opinion that Shaifer has not been afforded due process and the indictment should therefore be dismissed.

Because the judicial review of administrative decisions made under the selective service laws is severely limited, in the interest of basic fairness it is essential to the validity of local board orders, and the indictments returned for disobedience, that every procedural requirement be strictly and faithfully followed. Olvera v. United States, 223 F. 2d 880, 882 (5 Cir. 1955); United States v. Freeman, 388 F.2d 246, 248 (7th Cir. 1968). Except where the challenged order "involves a clear departure by the Board from its statutory mandate," Oestereich v. Selective Service System, 393 U.S. 233, 89 S.Ct. 414, 416, 21 L.Ed.2d 402 (1968), the registrant must exhaust administrative procedure by submitting or refusing to submit to induction, before judicial review can be had. The choice is habeas corpus after induction or defending a criminal prosecution after refusing induction. In either case review is limited to the questions of whether the registrant was denied due process

and whether the board's classification is without basis in fact.

The danger posed by this narrow scope of review is particularly acute when a claim for conscientious objector status is made. * * * A sincere claimant for conscientious objector status cannot turn to the habeas corpus remedy because his religious beliefs prevent him from accepting induction under any circumstances. As a result he is limited to seeking review in a criminal trial for refusal to submit. In this criminal proceeding, as in any proceeding reviewing a draft classification, his defense of invalid classification is tested by the "basis in fact" formula. Under these circumstances conviction is almost inevitable, since the Board's refusal to grant conscientious objector classification is based on an inference as to the sincerity of the registrant's belief and there will almost always be something in the record to support an inference of lack of sincerity. United States v. Freeman, supra 388 F.2d at 248–249.

In the United States v. Freeman, *supra*, it was held that where a request for exemption as a conscientious objector is made after a registrant's classification has become final, the local board must reopen the classification to consider the request and to refuse to do so would be a denial of the registrant's right to appeal. This decision is based on the regulation governing the board's action on such a request.

The board may reopen and consider anew the classification of a registrant (a) upon written request of the registrant * * * if such request is accompanied by written information presenting facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification; * * *. 32 C.F.R. § 1625.2 (1968).

■ Clearly, when it is the duty of the local board to reopen a classification which has become final in order to con-sider a request for conscientious objector status, *a fortiori* the request must be considered when the classification is not yet final. It is argued that a classification in one category is an automatic denial of a request for classification in another category. This is correct in terms of net result, however it can not be dispositive of the question of a registrant's procedural rights when a board has failed to consider a request. To hold to the contrary would license administrative agency to act with unbridled arbitrariness and the finding of a basis in fact upon which a decision must be sustained would be a matter of hindsighted happenstance.

■ The failure of the local board to consider a duly made claim for conscientious objector status is not cured by appeal. The regulations state: "it is the local board's responsibility to decide, subject to appeal, the class in which each registrant shall be placed. * * * The local board will receive and consider all information, pertinent to the classification of a registrant, presented to it." 32 C.F.R. § 1622.1(c).

This question was considered in Knox v. United States, 200 F.2d 398 (9th Cir. 1952). The court there stated at pages 401–402:

The significant disregard of the registrant's procedural rights in this instance lies in the fact that upon his personal appearance after classification he presented for the first time evidentiary matter in support of his formal claim to the conscientious objector status embodied in his questionnaire, and no action appears to have been taken to classify him in the light of either this evidence or of the showing contained in Form 150, later submitted. It appears to be the position of the Government that any lack in this respect is immaterial inasmuch as the registrant was classified anew as I–A by the appeal board, the latter having before it all the evidence bearing on the subject * * *

Classification by the local board is an indispensable step in the process of

induction. The registrant is entitled to have his claims considered and acted upon by these local bodies the membership of which is composed of residents of his own community. An underlying concept of the Selective Service System is that those subject to call for service in the armed forces are to be classified by their neighbors—people who are in a position to know best their backgrounds, their situation and activities.

But, it is suggested, a presumption of regularity or of the due performance of duty attends official action; and it should be presumed in this instance not only that the local board considered the claims of the registrant, but that in the light of them it took action to continue in effect his original I–A classification. We think the court may not indulge in the presumption, at least in the latter respect, in the condition of the record in this case.

It is noted that 32 C.F.R. § 1626.12 provides, and did provide at the time of the Knox decision, that a person appealing may specify claimed errors of the local board and direct attention to information in the file which he believes the local board failed to consider or give sufficient weight. This is a permissive regulation and it is the opinion of this Court that it can not be construed to absolve the local board of its duty to comply with other regulations directing its activity.

It is argued that failure of the record to show that the request was considered does not mean that it was not, since the regulations do not require the local board to give reasons for their actions. The government states that where the board gives no reason for a challenged classification, the Court "will assume the Board relied upon whatever factual basis is reflected in the record, if any." Owens v. United States, 396 F.2d 540, 543 (10th Cir. 1968). However, in order to proceed on that assumption it must first be assumed that the local board considered the

matter and rendered a decision in light of it. That is not the case here. We are not reviewing a board's decision to determine if there is basis in fact for the ruling. We are examining a record to determine whether procedural rights have been abrogated.

The Government concedes that the records of proceedings before the local board "must be sufficiently explicit to reveal that they are keeping within the statute. * * *" Government's Answer to Defendant's Motion to Dismiss, p. 6. United States v. Hagaman, 213 F.2d 86, 89 (3rd Cir. 1954); United States ex rel. Reel v. Badt, 141 F.2d 845, 848 (2d Cir. 1944). This is precisely what the record in this case does not establish, and the reason for which the indictment must be dismissed.

The defendant appeared before the board on May 15, 1967 and requested the special form for a conscientious objector. That personal appearance had resulted from the board's denial of a II–S student deferment, and that was the principal subject discussed. The report of that appearance shows that Shaifer was again classified I–A. The special form was submitted by Shaifer and he subsequently appeared before the board on June 19, 1967. The report of oral information for that appearance states only that Shaifer appeared, had no new information, and was dismissed. The minutes of the local board meeting for the same date state only that the defendant appeared and requested more time to get additional information concerning his school record.

Apparently, Shaifer was again classified I–A on July 17, 1967, but the Government has submitted nothing to indicate that there was any consideration of the request in connection with that action. In light of the principles referred to above this Court is of the opinion that the indictment should be dismissed.

Therefore, the indictment shall be, and is hereby ordered dismissed.