Robert Lee **FORSTING,** Appellant,

v.

**UNITED STATES of America,**
Appellee.

**No. 19744.**

United States Court of Appeals,
Eighth Circuit.

July 10, 1970.

---

George E. Duis, Fargo, N. D., for appellant; Ralph K. Helge, Pasadena, Cal., on the briefs.

Eugene K. Anthony, Asst. U. S. Atty., Fargo, N. D., for appellee; Harold O. Bullis, U. S. Atty., on the brief.

Before VAN OOSTERHOUT, Chief Judge, and BLACKMUN * and HEANEY, Circuit Judges.

HEANEY, Circuit Judge.

Robert Lee Forsting was convicted by the United States District Court of North Dakota of failing to submit to induction into the Armed Forces in violation of 50 U.S.C. App. § 462. We reverse because we find that he was not accorded procedural fairness by the State Appeal Board.

Forsting was classified I–S(H) while in high school. When he entered college, he was classified II–S, but was subsequently reclassified I–A because he received a low Selective Service College Qualification Test score. When this occurred, he requested a I–O classification. The Local Board mailed him SSS Form 150. He did not complete it. A short time later, he wrote to his Local Board asking that it withdraw his request. Shortly thereafter, he enlisted in the United States Navy and received an extended active duty date. Four months later and before he went on active duty, he wrote his Local Board again requesting that he be sent Form 150. The form was mailed to him; he completed and returned it. Shortly thereafter, Forsting was honorably discharged from the United States Navy for reasons of convenience to the government.

The Local Board reviewed Forsting's completed Form 150 and classified him I–A. Forsting made a personal appearance before the Board, but again was classified I–A. The Board stated, "Due to the registrant's first asking consideration as a student and farmer, withdrawing his first 'conscientious objector' appeal and enlisting in the Navy, the board questioned the sincerity of his religious beliefs."

Forsting appealed his classification to the South Dakota Appeal Board. The Board tentatively classified him as I–A and, pursuant to procedures then in effect, requested an advisory recommendation from the Department of Justice.[1] The F.B.I. then conducted an inquiry for the Department. It interviewed sixteen acquaintances of Forsting and prepared a resume of the interviews. A copy of the inquiry was mailed to Forsting, and he was permitted to reply to it. Forsting was then given a hearing before a Hearing Officer of the Department of Justice. The Hearing Officer submitted a report to the Department of Justice. The Justice Department in turn submitted its recommendation to the Appeal Board. That Board quoted the Hearing Officer as follows:

"The Hearing Officer said that it was apparent, by talking to the registrant, that the registrant is using the religion as a shield to get out of serving in the Armed Forces. The Hearing Officer said that he made this conclusion on the basis of the registrant's action when he was questioned about his belief. The Hearing Officer said the registrant became very hostile and exceedingly antagonistic when he was questioned and that he, the Hearing Officer, became convinced that the registrant was a draft dodger. The Hearing Officer recommended that the registrant's claim as a conscientious objector, be not sustained."

The Department of Justice concluded, from the F.B.I. Inquiry and from the Hearing Officer's report, that Forsting was not sincere in his conscientious

---

\* BLACKMUN, Circuit Judge, did not participate in the decision.

1. Former 50 U.S.C. App. § 456(i) and former 32 C.F.R. § 1626.25. The procedure was eliminated by the Military Selective Service Act of 1967. See, United States v. Purvis, 403 F.2d 555 (2nd Cir. 1968).

objector claim and recommended that his claim be denied. Copies of the recommendations were sent to the Appeal Board and Forsting.

Forsting then wrote to the Appeal Board alleging that the Hearing Officer was prejudiced and that his recommendations were based on inaccurate information. He wrote that the Hearing Officer: opened the hearing by calling him "a draft dodger, a bumb [sic], an idiot and a fool;" stated that "my F.B.I. Report was the most pitiful report he had ever seen;" stated he thought "Mr. Armstrong [the leader of the Radio Church of God with which Forsting was affiliated] was just a MONEY-GRAB-BER and that when [Armstrong] got rich enough, he would get out of the BUSINESS, and follow the same 'trend', as some woman had done before our time;" and stated "that if we were followers of Billy Graham, we would have a better chance, and he would think a little more seriously about our case." Compare, United States v. Balogh, 157 F.2d 939, 941 (2nd Cir. 1946), vacated on other grounds, 329 U.S. 692, 67 S.Ct. 625, 91 L.Ed. 707 (1947).

Forsting also stated in his letter that "contrary to what the recommendation from the Hearing Officer suggests, I did not become hostile or antagonistic at any time. I was polite and considerate to Mr. Kean at all times, and thanked him for the time he took to come to the hearing." Forsting's letter to the Appeal Board was co-signed by a friend who had accompanied him to the hearing.

The State Appeal Board classified Forsting I–A without stating reasons for so doing. Forsting was ordered to report for induction. His violation of that order caused his prosecution in the District Court.

The District Court permitted Forsting to introduce evidence as to the alleged prejudice of the Hearing Officer but decided that Forsting must be convicted because there was a basis in fact for the Local Board's classifying him I–A. The court stated:

"* * *, [T]he Selective Service cover sheet containing all of the action taken by the defendant's Selective Service Board, the Hearing Examiner and the State Appeal Board, * * *, has been carefully reviewed by this Court.

"It is clear to this Court that the conclusions of the Selective Service Board No. 6 of Aberdeen, South Dakota, are sustained by a reading of the defendant's Selective Service file.

"* * * [T]he local board took due note that the defendant first asked consideration as a student, and a farmer, withdrawing his first 'conscientious objector' appeal and enlisting in the Navy from which he was subsequently discharged, which caused the board to question the sincerity of the defendant's religious beliefs.

\* \* \* \* \* \*

"A Selective Service Board is not required to record all of its inner thoughts and motives in the classification of registrants; to demand this would impose upon the Selective Service System an intolerable burden.

"Constitutional standards and judicial decisional standards are met if the Selective Service folder discloses a basis in fact for the registrant's classification, and in this case it does.

"There is a presumption of regularity which attaches to the proceedings of local boards within the entire Selective Service System. In the view of this Court the proceedings of the defendant's local board in this case were and are presumptively correct, nor have they been successfully challenged in this case.

"It should be said that this Court expresses no opinion as to whether the defendant is or is not a conscientious objector or whether he was or was not properly classified. His local board classified him I–A and there is a basis in fact for that classification as disclosed in the registrant's cover sheet, plaintiff's Exhibit No. 1 in this case."

We assume, for the sake of this appeal, that the District Court correctly held that the proceedings before the Local Board were regular. But Forsting had a right to appeal to the State Appeal Board, and he exercised that right. The validity of Forsting's classification must then be judged on the basis of the Appeal Board's action. DeRemer v. United States, 340 F.2d 712, 719 (8th Cir. 1965).

In reviewing the action of the Appeal Board, we are limited to a determination of whether there was a basis in fact for the classification. Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428 (1955); United States v. Hesse, 417 F.2d 141 (8th Cir. 1969); or whether the registrant was denied basic procedural fairness, Simmons v. United States, 348 U.S. 397, 75 S.Ct. 397, 99 L.Ed. 453 (1955); Gonzales v. United States, 348 U.S. 407, 75 S.Ct. 409, 99 L.Ed. 467 (1955).

We do not decide whether there was a basis in fact for the Appeal Board's classification because we hold that Forsting was denied basic procedural fairness before that Board. The Appeal Board had before it: (1) Forsting's Selective Service file, (2) letters submitted by friends of Forsting, and (3) the Department of Justice report which included a resume of the F.B.I. Inquiry, a brief summary of the Hearing Officer's findings, and the recommendation of the Justice Department.

The Appeal Board gave no reason for its decision. It gave no indication that it considered or failed to consider the recommendation of the Department of Justice. There is nothing in the record to show that it considered or failed to consider Forsting's detailed, specific and supported allegations of bias on the part of the Hearing Officer. Under such circumstances, to sustain the conviction, we would have to surmise either that the Appeal Board gave no weight to the Department of Justice's recommendation in reaching its decision,

or that it made an independent investigation with respect to the Hearing Officer's prejudice and satisfied itself that he was fair. We refuse to so speculate when a man's liberty is at stake. Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946). We note, however, that it would require considerable naivete to hold that the Appeal Board did not give weight to the negative recommendation of the Justice Department. Simmons v. United States, *supra*; Sicurella v. United States, 348 U.S. 385, 75 S.Ct. 403, 99 L.Ed. 436 (1955); United States v. Owen, 415 F. 2d 383 (8th Cir. 1969).

It is clear that the Selective Service System need not have provided for a Department of Justice investigation and hearing. Indeed, this procedure has now been discontinued. It is also clear that where the procedure is used, a transcript of the hearing need not always be furnished to the registrant. Simmons v. United States, *supra*; United States v. Nugent, 346 U.S. 1, 73 S.Ct. 991, 97 L.Ed. 1417 (1953). But it is equally clear that if a hearing is provided, the Hearing Officer must be fair and impartial. Simmons v. United States, *supra*; United States v. Nugent, *supra*; United States v. Purvis, 403 F. 2d 555 (2nd Cir. 1968). It follows that an Appeal Board must examine detailed and supported allegations of prejudice on the part of the Hearing Officer if the report of the Department of Justice is to be given weight. This is not to say that every bald allegation of prejudice must be examined. But where a specific charge of prejudice is made and supported, and where details with respect to the prejudice are shown, the record must indicate either that the entire report and recommendation have been disregarded or that the charge of prejudice has been examined by the Appeal Board or by the Department of Justice and found to be without merit. [2]

Reversed.

2. See, United States v. Broyles, 423 F.2d 1299 (4th Cir. 1970 (en banc); United States v. Haughton, 413 F.2d 736 (9th Cir. 1969).