UNITED STATES of America

v.

Thomas Francis DRISCOLL.

Crim. No. 69–224.

United States District Court,
W. D. Pennsylvania.

May 11, 1971.

Thomas A. Daly, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

James T. Carney, Pittsburgh, Pa., for defendant.

## OPINION

ROSENBERG, District Judge.

This matter came on for non-jury trial before me following the presentation of an indictment by the Grand Jury on November 7, 1969, charging the defendant, Thomas Francis Driscoll, with failure to submit to induction into the Armed Forces of the United States in violation of Title 50, Appendix, United States Code, § 462(a).

The record discloses that the defendant was born on June 21, 1948 and is

presently 22 years old; that on July 1, 1966 he registered with Local Board No. 19 at Pittsburgh, Pennsylvania; that in his classification questionnaire dated August 5th, he did not claim conscientious objector status; that because he was a student at Duquesne University, on October 17 he was classified II–S; that this student deferment was renewed on December 19, 1967; that on February 19, 1969 because he ceased to continue as a college student, he was reclassified I–A; that he was ordered to report for a physical examination on March 20, 1969 and found acceptable for military service; that the defendant furnished medical statements from private physicians supposedly attesting to his lack of physical and mental fitness for military service; that the Pennsylvania Selective Service System Headquarters found this evidence insufficient to warrant a change in defendant's medical acceptability for military service; that on May 2nd he was ordered to report for induction on May 20; that he reported to the induction center at the appointed time, was found qualified for induction, but he departed from the induction center during a lunch recess despite prior warnings not to leave; that he was contacted at his home and informed of the possible consequences of such action, whereupon he admitted that he had departed without permission; that subsequent to the indictment in the instant case, the defendant, by letter dated November 21st requested that his local board permit him to resubmit to induction and be given the opportunity to present further medical evidence; that on December 10th the defendant was ordered to report for induction on January 5, 1970; that the defendant failed to report as ordered, and based on his original failure to submit to induction this prosecution followed.

The defense in this case relies upon two distinct theories of law: the first is that on May 20, 1969, the day on which the defendant was scheduled to report for and submit to induction, he was in fact a conscientious objector and therefore entitled to reclassification as such; and second, that on the date set for induction, the defendant was mentally unfit for military service because of insanity.

The first defense is that the defendant was in fact a conscientious objector and that the board should have reclassified him as such. The procedural requirements for the reopening of selective service classifications are set forth in 32 C.F.R. § 1625.2 and provide that under such circumstances the classification "shall not be reopened * * * unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant has no control." This regulation was approved by the Supreme Court in Mulloy v. United States, 398 U.S. 410, 90 S. Ct. 1766, 26 L.Ed.2d 362 (1970). Thus, it is only necessary to determine whether or not the local board properly refused to reopen the defendant's classification.

An examination of defendant's Selective Service File (Government's Exhibit No. 1) reveals that at the time he initially registered with Local Board No. 19, the defendant did not seek conscientious objector status, nor is there any indication that he sought such reclassification at any time subsequent to registration. Thus, the only claim of conscientious objector status was made during the course of the proceedings here in court where the defendant alleged that his beliefs crystallized at the induction center. Were we to accord this contention every possible benefit of doubt, it is negated by the defendant's letter dated February 21, 1969 and addressed to his local board. There he requested permission to resubmit himself for induction and the right to present medical evidence concerning his physical and mental state, but made no mention of possible reclassification as a conscientious objector. One would believe that if the defendant indeed sincerely sought reclassification as a conscientious objector, that such a matter would have

been uppermost in his mind and he would have voiced it at the induction center on May 20, 1969, and certainly in his request for allowance to resubmit to induction. The Supreme Court has made it clear that the military services are fully competent to inquire into the sincerity of a conscientious objector claim which is made subsequent to receipt of a notice to submit for induction, and that the local boards will not be required to reopen such classifications on allegations that the beliefs in question crystallized subsequent to receipt of the induction notice. Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (decided April 21, 1971). However, the defendant having failed to raise a claim for conscientious objector status, could not expect the local board to either grant such a classification, sua sponte, or state its reasons for refusing to grant such a classification. Accordingly, this contention here is without merit.

The second defense which is raised here is that the defendant was mentally unfit for military service on the date set for his induction by reason of insanity. The function of the district courts in reviewing selective service cases is only to determine whether or not the local board acted in accordance with law. Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946). It is not the function of the court to substitute its opinion for the findings of the local board on the facts and circumstances of the case, but only to determine whether or not the classification had a basis in fact. Forsting v. United States, 429 F.2d 134, C.A.8, 1970; United States v. Bellmer, 404 F.2d 132, C.A. 3, 1968.

The medical evaluations submitted by the defendant to his local board indicated some mental disturbance, which although significant, did not amount to a severe disorder. However, in order to determine whether or not the defendant was legally competent to stand trial, and in order to gain greater insight into a possible mental aberration, upon motion of the United States in which defense counsel joined, I ordered an independent psychiatric examination of the defendant to be conducted. Dr. Morton Johan an eminent and competent psychiatrist was appointed at the expense of the United States to make such an examination and report.

The examination report of Dr. Johan satisfied me that the defendant was competent to stand trial, and capable of aiding his defense. Additionally, during the course of the trial I carefully observed the defendant and failed to observe any indications of lack of understanding or incompetence.

The question of defendant's mental instability has been raised as a defense in this proceeding. After the defendant submitted psychological reports to his local board, the latter, recognizing its inability to evaluate these matters, referred them to the Pennsylvania Headquarters of the Selective Service System for its recommendation. That body, informed the defendant's counsel and the local board that "The Congress of the United States vested in the Armed Forces the responsibility for the determination of the acceptability of registrants made available by the Selective Service System. That determination having been made, the Selective Service System cannot intervene." A search of the law relating to this phase of induction reveals nothing that would guide the local board to the contrary.

After the induction incident, counsel for the defendant referred his client for psychological evaluations to Dr. Willard C. Schwartz, Jr., and Robert H. Loiselle, Ph.D., both of whom found the defendant psychologically unstable, and questioned the suitability for military service. Dr. Schwartz further indicated his doubts as to the defendant's ability to withstand the ordeals of a trial.

I do not believe that it is incumbent upon a trial judge to make a determination that a local board should have made a particular classification of an individual because of any mental disease or abnormality from which he may have

been suffering. Certainly I cannot believe that the armed forces would induct such an individual and place him in a critical position which might create risk to his life or the lives of others, without further investigation of his psychological problems. I do believe that there might be a place where such an individual could perform efficiently in the armed forces, but even there I have no knowledge that this is in any way a factor. It is my opinion that Congress placed the responsibility of determining the physical and mental qualifications of prospective inductees in the armed forces, and that is where the responsibility should rest.

██ The question, nevertheless, must be considered here as to whether or not the defendant suffered a mental condition to the extent that he did not know what he was doing when he departed from the induction center contrary to instructions. There is no evidence in this case that would indicate in any way that when the defendant departed from the induction center, he suffered from any mental ailment. In fact from the reports of the psychiatrists which are in evidence and from all of the evidence of the case, there is every indication to believe that the defendant is an unstable individual; that he suffers from withdrawal, passive aggression and emotional tension, because of a strong maternal upbringing and a weak paternal side effect, and that all of this contributed instability in the make-up of a growing child which became projected in his maturing years and even in college. Undoubtedly there was an aversion to potential harm, but this could only be indicated as an aggravation at the most from what every individual normally suffers or abhors. But this would not classify this individual as one who had become so mentally incompetent as to become unaware of all he was doing. The opposite is true. The evidence shows that he went to school; he went to college, maintained his social activities and did all things which normally other people do. In any event, I conclude that the defendant was capable of standing trial and able to aid his counsel in his defense in every way. Accordingly, the defense claimed in this regard is without merit.

The evidence shows beyond a reasonable doubt that the procedural processes were properly invoked by the United States, and that the defendant without reasonable basis did in fact fail and neglect to comply with an order of his local board to submit to induction into the Armed Forces of the United States, in violation of Title 50, Appendix, United States Code, § 462(a).

This Opinion incorporates Findings of Fact and Conclusions of Law in accordance with the requirements of Rule 23(c) of the Federal Rules of Criminal Procedure.