UNITED STATES of America
v.
Michael Joseph KAPLAN.
Crim. A. No. 71–14.

United States District Court,
D. Maine, S. D.
June 11, 1971.

Peter Mills, U. S. Atty., John B. Wlodkowski, Asst. U. S. Atty., Portland, Me., for plaintiff.

David M. Cohen, Portland, Me., for defendant.

## MEMORANDUM OF OPINION AND ORDER

GIGNOUX, District Judge.

Michael Joseph Kaplan was indicted for refusing to submit to induction into the armed forces of the United States in violation of 50 U.S.C. App. § 462(a) (1967). He has been tried by the Court without a jury. The principal and decisive issue presented is whether defendant's Selective Service record reveals any "basis in fact" for the denial of his request for classification as a conscientious objector. 50 U.S.C. App. § 460(b) (3); Estep v. United States, 327 U.S. 114, 122–123, 66 S.Ct. 423, 90 L.Ed. 567 (1946); Dickinson v. United States, 346 U.S. 389, 394, 396–397, 74 S.Ct. 152, 98 L.Ed. 132 (1953). The relevant record consists of defendant's Selective Service file as supplemented by testimony of the State Selective Service Director, the Processing Officer at the Armed Forces Examining and Entrance Station (AFEES), and the defendant.

The essential facts are undisputed. Defendant registered with his local Selective Service Board in Augusta, Maine on May 8, 1968, one month after his eighteenth birthday. In his Classification Questionnaire (SSS Form 100), filed June 3, 1968, he reported that he was a full-time high school student, but made no claim of conscientious objector status. He was classified I–S (H) (Student deferment [High school]) on August 8, 1968.

On April 29, 1969 defendant wrote to his local board requesting SSS Form 150, the "Special Form for Conscientious Objector." This form was sent to him, and the completed form was returned to the Board on June 3. In his detailed answers to the questions on the form, defendant stated that he was conscientiously opposed, by reason of his religious training and belief, to participation in war in any form. The gist of his views is best summarized in the following passages:

There is a basic order to the universe and all living things. There *is a power* greater than man which is present in the universe. The soul of a man, or his Godliness, is simply that part of him which makes him different from every other man in this sphere of reality. The destruction of a man is the destruction of his Godliness. It is wrong to destroy another human being because in his Godliness exists a part of this power greater than man. Is it for man to destroy that which is greater than he? A man in effect destroys, partially, his own Godliness when he kills. Therefor [sic] all killing must be prohibited and all wars abandoned, or condemned.

My belief is very closely related to the Jewish religious belief, especially concerning the taking of lives. It has its roots in Judaism, since I have attended seven years of Hebrew school. This training therefor [sic] has made me more aware of man's obligation to his fellow men and given me the basis for my belief.

\* \* \* \* \* \*

\* \* \* Although I was brought up in the Jewish faith I was always en-

couraged to be open minded in matters of religion and ethics. I went to Hebrew school from between the ages of six and thirteen. I was taught Biblical truths as the moral foundations of my faith. During the discussions at the school I found myself asking the question why the ancient teachers expressed themselves as they did, and what are the real truths being presented by them?

\*     \*     \*     \*     \*     \*

I cannot serve in the Armed Forces as a non-combatant because by doing so I would either be contributing to the war effort by re-conditioning people so they could kill or be killed or be contibuting [sic] to the overall destructive capacity of the military.

This is consistent with my religious training in which "Thou Shalt Not Kill" is one of the maxims. It is also supported by my belief in the Godliness of all human beings.

On June 13, 1969 the Board acted upon defendant's request for classification as a conscientious objector by classifying him I–A (Available for military service). The file contains no explanation of the reason for the Board's action other than the Executive Secretary's minute entry: "This request for a conscientious objector classification was reviewed by the board at this meeting. Refused to classify him in I–O. He was classified in I–A." Defendant was notified of his I–A classification and also of his right to a personal appearance before the local board and to appeal to the State Appeal Board within 30 days. Defendant did not, however, either request a personal appearance or appeal his classification at this time. Defendant testified at the trial that he had just graduated from high school and thought his reclassification was simply a reflection of that event. He was not then advised, nor was he aware, that the Board had acted upon his conscientious objector claim.

In the fall of 1969 defendant apparently enrolled as a full-time student at the University of Maine, but in December he notified the Board that he had withdrawn from college. On March 2, 1970 he was thereupon ordered to report for a physical examination on March 16, at which time he was found acceptable for military service and sent the customary DD Form 62, "Statement of Acceptability." On May 20 the Board notified defendant that it had reviewed his request for a I–O classification and requested his appearance for an interview on June 2 prior to his "final classification." Defendant appeared as requested on June 2, but the Board again rejected his conscientious objector claim and classified him I–A. The Executive Secretary's minute of this interview reads, in relevant part:

> [Registrant] [w]as asked if he was claiming Conscientious Objector on religious or moral grounds. Replied that it was a mixture of both. Was brought up in the Jewish faith and attended the Jewish Hebrew school in Augusta for 7 years. Is a college dropout but expects to go back to school in a year and a half on a scholarship to Bowdoin College.

> Requested SSS Form 150 on April 30, 1969. Stated that he had convictions 5 years or more.

> \*     \*     \*     \*     \*     \*

> Remains I–A.

The Secretary's minute is supplemented by a memorandum prepared by one of the Board members, which states:

> He [the registrant] seemed somewhat vague as to whether or not his claim to this classification was based on religious training or belief or on moral or philosophical grounds. He stated that it was a mixture of both but was not specific as to which.

> It is the opinion of this board that his claim to a conscientious objector classification is not sincerely held.

Defendant testified at the trial, without contravention, that the interview lasted approximately 15 minutes; that the Board asked him two or three general

questions about his beliefs, but did not comply with his request for an opportunity to amplify his views in response to specific questions; that the Board did not challenge his answers or indicate that they were bothered by anything in his file or doubted his sincerity; and that most of the Board's inquiries related to his activities as a worker at the Augusta Drug Rescue Center.

On July 2, 1970 defendant appealed his I–A classification to the State Appeal Board, which on July 28 unanimously voted to continue him in Class I–A. Its action is reported in the minutes as follows:

> The members of the Maine State Appeal Board met this date and it is our opinion after a review of the file that no where in his [registrant's] file is their [sic] a definite statement of his opposition to war in general and nothing upon which we could judge the sincerity of any statement.

On August 25, 1970 defendant was ordered to report for induction on September 24, 1970. He did report and was found qualified, but, after all proper warnings had been given him, refused to step forward. On January 22, 1971 his indictment and this prosecution followed.

■ As this Court stated in United States v. Berg, 310 F.Supp. 1157 (D. Me.1970), the scope of judicial review of a Selective Service classification is "the narrowest known to the law," Blalock v. United States, 247 F.2d 615, 619 (4th Cir. 1957); the courts are not to act as "super draft boards," Witmer v. United States, 348 U.S. 375, 380, 75 S.Ct. 392, 99 L.Ed. 428 (1955); and the classification can be overturned only if it has no "basis in fact." *Id.* at 381, 75 S.Ct. 392; Estep v. United States, *supra* 327 U.S. at 122, 66 S.Ct. 423. But in the present case the Court can find no basis in fact in defendant's Selective Service record for denying his request for classification as a conscientious objector. Absent any such basis, his induction order is unlawful and this prosecution

must fail. Estep v. United States, *supra*; Dickinson v. United States, *supra*.

■■ At the outset, it is clear, as the government concedes, that defendant in his completed Form 150 submitted to his local board sufficient information to constitute a prima facie case for a conscientious objector classification. Without question, defendant's expressed views set forth his opposition to "participation in war in any form," Gillette v. United States, 401 U.S. 437, 91 S.Ct. 828, 28 L.Ed.2d 168 (1971), by reason of "deeply held moral, ethical, or religious beliefs." Welsh v. United States, 398 U.S. 333, 344, 90 S.Ct. 1792, 1798, 26 L. Ed.2d 308 (1970); United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L. Ed.2d 733 (1965). Since defendant presented a prima facie case for exemption to his local board, the record must disclose some affirmative evidence which casts doubt on the sincerity of his claim. Witmer v. United States, *supra* 348 U.S. at 381–382, 75 S.Ct. 392; Dickinson v. United States, *supra* 346 U.S. at 396, 74 S.Ct. 152; United States v. Prince, 310 F.Supp. 1161, 1165 (D.Me. 1970). Mere "suspicion and speculation" concerning a registrant's sincerity is not a proper basis for denial of a claim which is prima facie within the statutory exemption. Dickinson v. United States, *supra* 346 U.S. at 397, 74 S. Ct. 152; Bates v. Commander, First Coast Guard District, 413 F.2d 475, 478 (1st Cir. 1969); Capobianco v. Laird, 424 F.2d 1304, 1306 (2d Cir. 1970). "In short, a conscientious objector claim cannot be arbitrarily rejected because of a mere disbelief in its sincerity. There must be an 'honest and rational' basis for the denial." United States v. Prince, *supra* 310 F.Supp. at 1165 (and cases there cited).

■■ In the instant case, the record discloses no proper basis for questioning defendant's sincerity or his good faith opposition, on moral, ethical or religious grounds, to participation in war in any form. The file reveals no inconsistencies in his actions or in his written statements of his beliefs that would jus-

tify denial of his claimed classification. *Compare* United States v. Gernannt, 427 F.2d 1157, 1159 (5th Cir. 1970). There is no suggestion that defendant's demeanor was shifty or evasive, or that his appearance gave an impression of unreliability. *See* Witmer v. United States, *supra* 348 U.S. at 382, 75 S.Ct. 392; United States v. Prince, *supra* 310 F.Supp. at 1166; United States v. St. Clair, 293 F.Supp. 337, 345 (E.D.N.Y. 1968). Furthermore, the record discloses no basis for assuming that the Board relied upon defendant's demeanor or appearance in rejecting his claim. *Cf.* United States v. Prince, *supra* 310 F. Supp. at 1166; United States v. St. Clair, *supra* 293 F.Supp. at 345. In such a case, where no reason has been assigned for the determination of insincerity, and where there is no objective evidence in the record which in itself would justify such a finding, the Court is not permitted to speculate as to whether there may have been a proper ground for the Board's decision. United States v. James, 417 F.2d 826, 832 (4th Cir. 1969); United States v. Corliss, 280 F. 2d 808, 814–815 (2d Cir.), cert. denied, 364 U.S. 884, 81 S.Ct. 167, 5 L.Ed.2d 105 (1960); United States v. Prince, *supra* 310 F.Supp. at 1166; United States v. St. Clair, *supra* 393 F.Supp. at 345. *See* United States v. Broyles, 423 F.2d 1299, 1302–1304 (4th Cir. 1970); United States v. Haughton, 413 F.2d 736, 742–743 (9th Cir. 1969).[1]

■ Since there was no basis in fact for the denial of defendant's request for classification as a conscientious objector, the induction order upon which this prosecution rests is invalid, and defendant is not guilty of the offense charged in the indictment.

Judgment will be entered directing that the defendant be discharged.

It is so ordered.

[1]. Thus, in United States v. Corliss, *supra,* the Court said:

  \* \* \* [T]o sustain the denial of a claim on a mere *ipse dixit* of lack of sincerity from the Local Board or the hearing officer would create serious possibilities of abuse. 280 F.2d at 814.