**UNITED STATES of America, Plaintiff,**

v.

**Donald Sumner JOYCE, Defendant.**

**No. CR69–5S.**

United States District Court,
D. South Dakota, S. D.

June 21, 1971.

R. D. Hurd, Asst. U. S. Atty., Sioux Falls, S. D., for plaintiff.

John G. S. Flym, Cambridge, Mass., for defendant.

## MEMORANDUM DECISION

NICHOL, Chief Judge.

Following a trial by jury Joyce was found guilty of failing to report for and submit to induction into the Armed Forces of the United States in violation of 50 App.U.S.C. 462. Ruling was reserved by this court on several motions for judgment of acquittal, a new trial, and dismissal of the indictment. These motions are now before this court for decision. In view of this court's findings only one of the grounds for judgment of acquittal will be considered.

On October 5, 1967, registrant's local board at Keene, New Hampshire, received a request for a II–A deferment for registrant from Francis Coelho,

Chairman, Art Department, University of South Dakota. The request was made so that "he (Joyce) can assume the responsibility of artist-teacher at the University of South Dakota as described by the enclosed contract copy". The record reflects that although the appointment was for the 1967–1968 academic year, registrant was not to begin his duties as an assistant professor until after his scheduled completion of work toward a Master of Fine Arts degree on December 20, 1967. Prior to October 5, 1967, no request for a II–A deferment had been made by or on behalf of the registrant. Before Coelho's request, Joyce had been reclassified from I–S(c) to I–A on August 8, 1967. An appeal from the I–A classification, requesting a II–S classification, was pending on October 5, 1967. The I–A classification was upheld by the State Appeal Board on October 18, 1967.

On October 31, 1967, an induction order was issued to registrant upon the recommendation of the State Headquarters. On the same day a postponement of induction until the first call after January 1, 1968, was also sent in order that registrant could receive his degree December 20, 1967. On November 3, 1967, Coelho's secretary called registrant's local board and requested information about the October 3, 1967, II–A request after the next board meeting. Coelho's secretary was informed that the next board meeting would be held on November 14, 1967. The same day a letter was sent from the local board to Coelho acknowledging receipt of his deferment request and informing him that "this will be referred to the members of local board No. 3 and you will be notified". The minutes of the November 14, 1967, meeting of the local board contain the following notation relative to registrant: "Donald Sumner Joyce: 27–3–44–28—Registrant classified to I–A(p) to complete school—Order for Induction Postponed until first Order for Induction after January 1, 1968 by Board".

On November 22, 1967, registrant wrote a letter to the local board request-ing consideration of Coelho's II–A request. On November 29, 1967, Coelho reiterated his II–A deferment request, stating in part that: "It will work a real hardship on our students and disrupt our carefully planned educational program for this year if Professor Joyce is unable to fulfill his part in the program which in part is built upon the unique contribution only he can make." On December 6, 1967, the local board wrote to Joyce with a copy to Coelho stating that: "The local board reviewed the information in your file and felt that in view of the fact that you had asked for deferment to get your Master's degree, no further action would be taken." Coelho again reiterated his deferment request on January 15, 1968. On January 18, 1968, Coelho received a reply letter from the board which stated in part that: "The reason he (Joyce) was postponed was to allow him to receive his degree before he entered the Army. Therefore, no further action can be considered."

■■ The scope of review in selective service cases is a narrow one. A classification can be found invalid only if no basis in fact for the classification exists or the registrant was denied fundamental procedural fairness. Vaughn v. United States, 404 F.2d 586, 589–590 (8th Cir. 1968). A violation of the Selective Service Regulations provides a basis for overturning a classification only if a substantial prejudice has resulted to the registrant. United States v. Chaudron, 425 F.2d 605, 608 (8th Cir. 1970).

Section 1625.2 of the Selective Service Regulations provides: "The local board may reopen and consider anew the classification of a registrant (a) * * * if such request is accompanied by written information presenting facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification; * * * the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction

\* \* \* unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control."

If a decision to reopen a classification is made, the board is then required to consider the new information and reclassify the registrant as if he had never been classified. 32 CFR 1625.11. A new right of appeal follows from a reopening. 32 CFR 1625.13. Any outstanding Order to Report for Induction is canceled. 32 CFR 1625.14. When the board refuses to reopen no right of appeal exists. 32 CFR 1625.4.

In view of the substantial procedural rights lost by a registrant upon the denial of a request to reopen his classification, it is imperative that such a determination be properly made. Mulloy v. United States, 398 U.S. 410, 90 S. Ct. 1766, 26 L.Ed.2d 362 (1970). In this case the statement of the board in its letter of December 6, 1967, that: "The local board reviewed the information in your file and felt that in view of the fact that you had asked for a deferment to get your Master's degree, no further action would be taken" is insufficient. United States ex rel. Brown v. Resor, 429 F.2d 1340 (10th Cir. 1970). The statement fails to reflect that no new information was presented, or that the new facts if true would not justify a change in classification, or that no change in circumstance beyond the control of the petitioner had occurred. The subsequent statement in the letter of January 18, 1968, is likewise deficient.

Further reasons are present for questioning the propriety of the refusal to reopen. Assuming that the board acted on the request for a II–A deferment at its November 14, 1967, meeting when the prior postponement of the October 31, 1967, induction order was approved, it is not clear on what basis the board acted in denying the II–A request. Courts are not allowed to speculate as to the basis of a board's action. Forsting v. United States, 429 F.2d 134 (8th Cir. 1970); Caverly v. United States, 429 F.2d 92 (8th Cir. 1970).

If the basis for the denial of the II–A request was, as stated in the December 6, 1967, letter: "\* \* \* the fact that you (Joyce) had asked for a deferment to get your Master's degree", the denial was based on "irrelevant considerations." Magaro v. Cassidy, 426 F.2d 137 (5th Cir. 1970). In addition, it is questionable whether the request for a II–A request was ever considered by the local board. Such a failure would constitute a denial of due process to the registrant. United States v. Shaifer, 311 F.Supp. 366 (N.D.Illinois 1969).

It is ordered that the motion for judgment of acquittal be granted, conditioned upon registrant serving for a period of two years in the civilian work program which is administered by the Selective Service, in accordance with his desires expressed both at trial and in his brief in support of this motion. Packard v. Rollins, 307 F.Supp. 1388 (W.D. Mo.1969), aff'd 422 F.2d 525 (8th Cir. 1970).