**UNITED STATES of America, Plaintiff,**

**v.**

**John Richard BLAU, Defendant.**

**No. CR71-5S.**

United States District Court,
D. South Dakota, S. D.

Feb. 9, 1972.

R. D. Hurd, Asst. U. S. Atty., Sioux Falls, S. D., for plaintiff.

David A. Gerdes, of Martens, Goldsmith, May, Porter & Adam, Pierre, S. D., and Dan L. Johnston, Des Moines, Iowa, for defendant.

## MEMORANDUM DECISION

NICHOL, Chief Judge.

The defendant, John Richard Blau, has been indicted for wilfull failure to report for and submit to induction into the Armed Forces of the United States, in violation of 50 U.S.C.A. App. Sec. 462. Upon his written waiver of a jury

trial, this case was tried to the court on August 16, 1971.

The central issue is whether or not the local board properly denied the defendant's request for a I–O classification as a conscientious objector. On November 23, 1964, defendant registered with his local board. He left blank series VIII of SSS Form 100, thus indicating that he made no claim for conscientious objector status at that time. The registrant held a II–S student deferment from January 20, 1965, to February 23, 1967. At that time he was reclassified I–A, since no verification of his enrollment at Iowa State University had been received by his Local Board. Once the verification was received the registrant was reclassified II–S until May 22, 1968. He then was reclassified I–A and ordered to submit to a pre-induction physical examination.

Defendant requested an appeal of his I–A classification one day after his time for appeal had run. A delinquency notice was mailed defendant since he failed to appear for his June 25, 1968, pre-induction physical. After explaining his failure to report by letter to the local board, the registrant was given a new examination date. On September 5, 1968, he appeared and passed his pre-induction physical.

The registrant was ordered to report for induction on December 4, 1968. However, that order was cancelled when he was reclassified I–S for the remainder of the 1968–1969 school term.

He was again classified I–A in June of 1969, and ordered to report for induction in August of 1969. The registrant requested an opportunity to complete his schooling, and the local board granted him a postponement of induction until January of 1970.

On December 16, 1969, he was notified that his postponement of induction would expire in January and that the new induction date was January 19, 1970. The defendant-registrant then mailed a request for classification as a conscientious objector on January 6,

1970. He was supplied the conscientious objector form 150, which he completed and returned on February 4, 1970. The local board indefinitely postponed the induction order and granted a courtesy interview to defendant. He did not attend, but was subsequently granted a second interview which he did attend. A summary of his oral examination was filed by the local board.

The local board denied his conscientious objector claim and defendant filed a timely appeal. The state appeal board also denied his claim. The defendant's new induction date was set for June 17, 1970. The registrant failed to appear on that date and this prosecution followed.

■ The fundamental issue to be decided in this case is whether there existed a basis-in-fact in defendant's selective service file for the local board to deny the defendant-registrant's application for exemption as a conscientious objector under 50 U.S.C.A. App. Sec. 456(j). It is not necessary for this Court to pass upon the other alleged procedural errors in view of our decision that there was no basis-in-fact to support the board's I–A classification and denial of the I–O classification.

■ The scope of judicial review of selective service cases is narrow. The reviewing court may overturn a local board classification only if it has no basis-in-fact or if some procedural error has substantially prejudiced the defendant-registrant. United States v. Watson, 442 F.2d 1273, 1277 (8th Cir. 1971); United States v. Joyce, 327 F. Supp. 945, 947 (D.C.S.D.1971); United States v. Kaplan, 327 F.Supp. 1086, 1089 (D.C.Me.1971).

■■ Once the registrant presents a prima facie case which would, if true, entitle him to a classification lower than I–A, a basis-in-fact for its denial must appear in the registrant's selective service record. Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970); United States v. Iverson, 455 F.2d 79 (8th Cir. 1972). In Clay v. Unit-

ed States, 403 U.S. 698, 700, 91 S.Ct. 2068, 29 L.Ed.2d 810 (1971), the United States Supreme Court reiterated the three basic tests a registrant must satisfy to present a prima facie case for classification as a conscientious objector. They are:

> He must show that he is conscientiously opposed to war in any form. Gillette v. United States, 401 U.S. 437 [91 S.Ct. 828, 28 L.Ed.2d 168]. He must show that this opposition is based upon religious training and belief, as the term has been construed in our decisions. United States v. Seeger, 380 U.S. 163 [85 S.Ct. 850, 13 L. Ed.2d 733]; Welsh v. United States, 398 U.S. 333 [90 S.Ct. 1792, 26 L.Ed. 2d 308]. And he must show that this objection is sincere. Witmer v. United States, 348 U.S. 375 [75 S.Ct. 392, 99 L.Ed. 428].

A careful examination of defendant's selective service record convinces this Court that defendant met these requirements and presented a prima facie claim when he filed his SSS Form 150 stating his reasons for being a conscientious objector.

The government relies on the summaries of the oral information taken by the local board at the courtesy interview as showing a lack of sincerity. There is nothing in that summary to cast doubt on the registrant's sincerity. If anything, it supports his conscientious objector claim.

Mere suspicion and speculation concerning the registrant's sincerity is not a proper basis for denial of a claim which is prima facie within the statutory exemption. Dickinson v. United States, 346 U.S. 389, 397, 74 S.Ct. 152, 98 L.Ed. 132 (1953). The record must disclose some affirmative evidence which casts doubt on the sincerity of a claim. Witmer v. United States, 348 U.S. 375, 381–382, 75 S.Ct. 392 (1955); United States v. Iverson, 455 F.2d 79 (8th Cir. 1972); United States v. Abbott, 425 F.2d 910, 913 (8th Cir. 1970).

Having found no basis-in-fact for the denial of the defendant-registrant's claim for conscientious objector status, he is acquitted of the crime charged.

This memorandum decision is made in accordance with Rule 23(c) of the Federal Rules of Criminal Procedure.