**UNITED STATES of America,**
**Plaintiff,**

v.

**Henry Ramsey ROSS, Jr., Defendant.**
**No. CR71-43S.**

United States District Court,
D. South Dakota, S. D.

Aug. 8, 1972.

R. D. Hurd, Asst. U. S. Atty., Sioux Falls, S. D., for plaintiff.

Lee M. McCahren, Vermillion, S. D., for defendant.

## MEMORANDUM DECISION

NICHOL, Chief Judge.

Defendant, Henry Ramsey Ross, Jr., is charged by indictment with (1) willful failure to submit to induction into the Armed Forces of the United States on or about June 22, 1971, (2) willful failure to submit to a pre-induction physical for induction into the Armed Forces of the United States on or about July 2, 1970, (3) willful failure to submit to a pre-induction physical for induction into the Armed Forces of the United States on or about August 5, 1970, and, (4) willful failure to keep his local draft board notified as to his current address, all in violation of 50 U.S. C.A. App. Sec. 462. Upon defendant's written waiver of jury trial, his case was tried to the Court. This memorandum decision is entered in compliance with Rule 23(c) of the Federal Rules of Criminal Procedure.

On April 25, 1966, defendant registered with local board number 1 at Sioux Falls, South Dakota, receiving a I–S–H classification. He listed his current mailing address as 420½ South First Avenue, Sioux Falls, South Dakota. Craig Shaw, 510 North Nesmith, of Sioux Falls, South Dakota, was the person the registrant listed who would always know registrant's address. Registrant did not claim to be a conscientious objector at that time.

On December 19, 1966, defendant was reclassified I–A. On December 23, 1966, he completed a current information questionnaire listing his current mailing address as 335 South Phillips Avenue, Sioux Falls, South Dakota. This time George Shaw of 510 North Nesmith,

Sioux Falls, South Dakota, was listed as the person who would always know the registrant's address.

Ross personally appeared at the local board on December 30, 1966, and requested classification as a conscientious objector. He again gave his present mailing address as 335 South Phillips Avenue. Defendant was given the special form 150 for conscientious objectors on that date and returned it on January 10, 1967. In his form 150 Ross listed 420½ South First Avenue, Sioux Falls, South Dakota, as his mailing address.

The local board voted unanimously to deny the registrant's conscientious objector claim on January 23, 1967. He was notified that his I–A classification was being retained and that he had 30 days within which he could appeal this decision. Instead of appealing his I–A classification, Ross, by letter received on February 6, 1967, requested a student deferment. A II–S deferment was granted to the registrant on February 23, 1967.

Ross again listed his address as 335 South Phillips Avenue when seeking a student deferment in the fall of 1967.

The local board reclassified Ross I–A on November 18, 1969, since Ross had not supplied proof that he was an enrolled student. Again Ross was notified of his right to a personal appearance and appeal. His order to report for a pre-induction physical on December 15, 1969, was cancelled on November 28, 1969, because proof of his status as a student was received by the local board. This notice of cancellation was mailed to defendant at 335 South Phillips in Sioux Falls and to 227 Forest in Vermillion, South Dakota. Ross was reclassified II–S on December 9, 1969. In submitting proof of his student status, Ross gave his school address as 227 Forest, Vermillion, on November 28, 1969, and did not list any school address on March 3, 1970.

On March 20, 1970, one Dennis Fanning delivered the following note to the local board:

Sir:

This letter is a request for an application for so I may be considered for conscientious objector status. my selective service number is 39–1–48–170. please give the bearer of this letter the necessary forms.

> your friend
> (signature)
> Henry Ramsey Ross
> 227 Forest
> Vermillion, S. D.

By letter of March 20, 1970, the local board wrote the registrant:

We have received your letter requesting a conscientious objector form. However, in checking your file, we find that you have already completed one such form. This form is still valid and can be used by the board in reviewing your classification. If you wish any further information submitted, this may be done in letter form.

In response to the local board's request for new information, Ross hand delivered a letter to the local board on May 11, 1970, in which he states that he "can not serve if called nor can (he) in good conscience further co-operate with" the local board. He further stated:

i had originally planned a letter telling you why i am a C.O. with all the rhetoric that draft boards all over the nation receive but i will not further try to fit my mind and body into your system. i have nothing to do with the number you have decided is me my thoughts and actions are those of other human beings and far beyond your simple minded catagories. . . . i would like at this point to ask that you withdraw my name from its present II–S classification

On May 26, 1970, Ross was granted his last request and classified I–A. He was again notified of his right to personal appearance and appeal, but he did not appeal. On June 15, 1970, notice to report for a pre-induction physical on July 2, 1970, was mailed to Ross at 227 Forest, Vermillion, South Dakota 57069. Ross did not report. On July 27, 1970,

an order to report for a pre-induction physical on August 5, 1970, was mailed to defendant at 227 Forest, Vermillion, S. Dak. This notice contained the additional information that "(F)ailure to comply with this, your second notice for a physical, will result in your being ordered for induction." Ross did not report.

On August 11, 1970, defendant's mother informed the local board that defendant's address was Rural Route 3, Vermillion, South Dakota.

On November 10, 1970, the registrant was mailed an order to report for induction into the Armed Forces of the United States on December 2, 1970. The order was mailed to defendant at Rural Route 3, Vermillion, South Dakota. This letter was returned unclaimed with addressee unknown on November 13, 1970. It was remailed to 335 South Phillips Avenue, Sioux Falls, South Dakota, on November 13, 1970. This time it returned marked moved, left no address, with the further notation, "Not at this address. Do not know a forwarding." On November 16, 1970, it was mailed to George Shaw, 510 North Nesmith, Sioux Falls, South Dakota. This time the letter never returned. This order was never mailed to 227 Forest, Vermillion, South Dakota.

On December 2, 1970, several young people presented themselves at the Armed Forces Examining and Entrance Station and each claimed to be Henry Ramsey Ross. At trial Ross claimed he was one of these people. He was not inducted at that time since it could not be determined who was Mr. Ross.

On February 10, 1971, Ross gave a Federal Bureau of Investigation investigator his current address as Old Bank Building, Meckling, South Dakota. On June 8, 1971, a letter was sent to Ross at this new address informing him that June 22, 1971, was the new date set for his induction. At trial Ross admitted receiving this letter. Ross did not report for induction on that date.

At trial the Court received into evidence, subject to the objection of materiality, the registration cards at the University of South Dakota of defendant for the school year 1970–71. These cards show Ross' address as 227 Forest, Vermillion, South Dakota. Also received, subject to the same objection, was a 1970–71 student directory of the University of South Dakota which listed Ross' address as 227 Forest.

### CURRENT ADDRESS

Pursuant to the provisions of 50 U.S.C.A. App. Sec. 462(a) and 32 C.F.R. Sec. 1641.3, it is the duty of each registrant to keep his local board advised at all times of the address where mail will reach him. There is nothing in the file to indicate that Ross did not comply with this requirement. The only correspondence which the local board had difficulty in getting to the registrant was the November 10, 1970, order to report for induction. This order was never mailed to defendant at the current mailing address that the registrant had given to the local board—227 Forest, Vermillion, South Dakota. The Rural Route 3 address had been given to the local board by defendant's mother and not by defendant. When the Order was finally mailed to Ross in care of the person who Ross had listed as being a person who would always know Ross' address, he in fact did receive the order. Therefore, defendant did keep his local board advised of his current address, and his motion to dismiss Count IV of the indictment is granted.

### FAILURE TO REPORT

Defendant claims that his orders to report for induction and for physical examination were invalid because the local board did not reopen and consider anew his request for a conscientious objector deferment when they received his letter on March 20, 1970. In addition defendant claims the local board erred in denying his request for a conscientious objector deferment on January 10, 1967, in that he presented a prima facie case for classification as a conscientious objector and that there was no basis-in-fact for its denial.

■ The scope of judicial review of selective service cases is narrow. The reviewing court may overturn a local board classification only if it has no basis-in-fact or if some procedural error has substantially prejudiced the defendant-registrant. United States v. Watson, 442 F.2d 1273, 1277 (8th Cir. 1971); United States v. Joyce, 327 F. Supp. 945, 947 (D.C.S.D.1971).

■ Once the registrant presents a prima facie case which would, if true, entitle him to a classification lower than I–A, a basis-in-fact for its denial must appear in the registrant's selective service record. Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970); United States v. Iverson, 455 F.2d 79 (8th Cir. 1972).

It is conceded by counsel for the government that defendant did present a prima facie claim. The central issue to be decided in this case, therefore, becomes whether or not the local board's reclassification of defendant I–A on January 23, 1967, and on May 26, 1970, without a basis-in-fact for so doing, can be raised as a defense at trial when the defendant has admittedly failed to exhaust his administrative remedies. The test to be applied is set out in McGee v. United States, 402 U.S. 479, 91 S.Ct. 1565, 29 L.Ed.2d 47 (1971). Basically that test is, was the issue to be decided by the local board one of fact or law? That is, did the failure to exhaust inhibit the making of an administrative record through the presentation of relevant facts or was the board simply concerned with a matter of statutory interpretation? The former requires a conviction, for then the registrant's defense is not properly before this Court. The latter requires an acquittal, for then the registrant's defense is presentable. In this case the local board's reclassification of defendant I–A was one of improper application of the facts.

After the registrant was notified that his conscientious objector claim was denied, that he was to be retained in class I–A and that he had a right to personal appearance and appeal, the registrant chose not to appeal, but rather to abandon his conscientious objector claim and request classification as a student.

On March 20, 1970, when the registrant again requested a conscientious objector deferment and was advised that his original application could still be considered and that he could submit any additional information in letter form, his reply on May 11, 1970, was that he would have nothing further to do with the selective service system. He did not submit any new facts. He did not appeal from his I–A classification on May 26, 1970, although advised of his right to do so. He did not obey any of the orders sent to him after his letter of May 11, 1970, in which he stated his intention to refuse to cooperate.

■ Whether or not Ross was a conscientious objector depended on the application of expertise by administrative bodies in resolving underlying issues of fact. Therefore, defendant is barred, at this late date, from raising his defense that the local board acted without a basis-in-fact in reclassifying him I–A on January 23, 1967, and May 26, 1970.

There is no merit to defendant's contention that 32 C.F.R. Sec. 1625.4 was not complied with by the local board in their letter of March 20, 1970.

The Court finds the defendant guilty of willful failure to submit to induction and of willful failure to report for pre-induction physical examination on or about July 2, 1970, and August 5, 1970.