**In the Matter of Everett A. OSBORNE**

**v.**

**Lt. General Jonathan O. SEAMAN, Commanding General of the First Army of the United States, Stanley Resor, Secretary of the Army, and Melvin Laird, Secretary of Defense.**

**Civ. No. 70–897–T.**

United States District Court,
D. Maryland.

Oct. 7, 1970.

**42**

William H. Zinman, Baltimore, Md., for petitioner.

George Beall, U. S. Atty., Francis S. Brocato and Leonard M. Linton, Jr., Asst. U. S. Attys., Baltimore, Md., for respondents.

THOMSEN, District Judge.

In this habeas corpus proceeding a captain in the United States Army claims that he is entitled to discharge from the Army as a conscientious objector. The applicable law has been recently discussed in opinions of the Fourth Circuit and of other Judges of this Court. United States ex rel. Tobias v. Laird, 413 F.2d 936 (4 Cir. 1969); United States ex rel. Brooks v. Clifford, 409 F.2d 700 (4 Cir. 1969); Cooper v. Barker, 291 F.Supp. 952 (D.Md.1968); Reitemeyer v. McCrea, 302 F.Supp. 1210 (D.Md.1969); Talford v. Seaman, 306 F.Supp. 941 (D.Md.1969); Moore v. Connell, 318 F.Supp. 884 (D.Md.1970).

The essential facts may be briefly summarized. Osborne was born on 23 April 1945. He received his commission in June 1967, after graduation from Florida A & M University, where he majored in accounting and participated in the R.O.T.C. program. Shortly thereafter he was assigned to the Finance Corps at Fort Meade, Maryland, and was promoted to captain in June 1969. He is a Baptist, married with two children. In 1969 he unsuccessfully sought a medical discharge. In February 1970, after receiving orders to serve in Vietnam, he applied for discharge as a conscientious objector. An army psychiatrist found him mentally competent. The chaplain who interviewed him concluded:

"It is my considered opinion that CPT Osborne is quite sincere in his belief that he is a genuine Conscientious Objector. He firmly believes that he has been steadily moving to his present position. His receipt of reassignment orders to RVN simply made it unavoidably necessary that he no longer procrastinate, but make a firm stand against further personal involvement, directly or indirectly, in military service."

The O-3 officer who interviewed Osborne for two hours stated:

"* * * In essence, the response indicated that the proximity to the war zone, inherent in any assignment to Vietnam, would render the evil of war so immediately apparent that he could not reconcile performance of duty with his belief that war is wrong. Thus, at this point his belief could be said to have crystallized. It is my finding that his belief, such as it is, is religiously based, and did crystallize subsequent to his entry upon active duty."

After setting out the evidence on the question of sincerity, the O-3 officer concluded: "I find that Captain Osborne's opposition to war is sincere," and stated: "In accord with the find-

ings outlined above, I recommend that Captain Osborne's application be approved."

The CO, 16th Fin Sec (D), who did not interview Osborne, recommended disapproval of the request for the following reasons:

"a. This is the first indication that CPT Osborne has given to the Army that he was a conscientious objector, although he has been in the service for over 2 years.

"b. He is presently assigned to the Finance Corps and will probably be assigned to jobs that require administrative type duties, even in Vietnam."

The CO, Sp Trps Bn (Prov), forwarded the application to the CO, Ft. Geo. G. Meade, with the statement:

"Captain Osborne appears to be very sincere concerning this request. I have commanded this organization for only two months, therefore, I have insufficient knowledge to base a recommendation. However, in all instances that I have come in contact with this officer it was for adverse reasons and I do not consider him to possess the necessary traits and ability required of an officer in the United States Army."

The CO, Ft. Geo. G. Meade, through his Assistant Adjutant, recommended approval, stating: "It has been determined by this headquarters after careful evaluation of the inclosed documentation, that CPT Osborne is sincere in his beliefs and should be discharged by reason of conscientious objection."

On 22 May 1970 the Adjutant General returned the application without action, to the CO Fort Meade for clarification of a statement in the application about the type of discharge and report on an investigation of an unrelated matter.

On 4 June 1970, after discussing with Osborne the discharge question and securing an appropriate amendment to the application with respect thereto, the CO, Sp Trps Bn (Prov), volunteered a recommendation that the application be disapproved for various reasons, none of which he had discussed with Osborne. Particularly, he raised a new point, namely, that he believed Osborne's "request to be based on an objection to a particular war and to his having to serve in that war zone, (viz. The Republic of Vietnam)."

Osborne did not learn of this letter until 16 or 17 June. He sent an answer thereto on 23 June.

Meanwhile, on 18 June the Class 1–0 Conscientious Objector Board filed an opinion, in which the Board found, inter alia, "that Osborne is not sincere", for reasons which echoed the letter of 4 June which had not been discussed with Osborne.

On 22 June the Adjutant General disapproved Osborne's application, with the comment: "Applicant does not truly hold views against participation in war in any form which are derived from religious training and belief".

The habeas corpus petition was filed on 30 July. Action was delayed to permit the Board and the Adjutant General to state whether they had considered the unrelated matter referred to above, and to consider Osborne's letter of 23 June. The Board modified its opinion of 18 June by adding a new paragraph stating that they had attached no significance to the unrelated matter, but giving no indication that they had considered Osborne's letter of 23 June.

The way the modification of the 18 June opinion was handled and the lack of any reference to the 23 June letter leave much to be desired. But it is not necessary to rule on any procedural defects.

■  The Board and the Adjutant General were justified in being suspicious of the sincerity of the belief of a man with the history outlined above. But, whatever the law may be elsewhere, the opinions of the Fourth Circuit in *Tobias* and *Brooks* require a ruling that there is no basis in fact for the finding that petitioner was not a conscientious objector. The evidence required findings that Osborne was not an objector

44

to a particular war only, that his beliefs were sincere, and that they crystallized after he entered the service.

There is authority for the position that relief in such a case as this may be conditioned upon the petitioner's serving in the civilian work program administered by the Selective Service System for a period of time equal to that of his remaining active duty obligation. Packard v. Rollins, 307 F.Supp. 1388 (W.D.Mo.1969), aff'd 422 F.2d 525 (8 Cir. 1970); Moore v. Connell, 318 F. Supp. 884 (D.Md.1970, Northrop, C. J.).

Accordingly, it is this 7th day of October, 1970, ordered:

1. That the petition for writ of habeas corpus be and the same is hereby granted, conditioned that petitioner serve in the civilian work program administered by the Selective Service System or similar work approved by this Court, for a period of time equal to that of his remaining active duty obligation;

2. That the effective date of the writ be stayed for two weeks from this date, to allow respondents time to discharge petitioner under the appropriate regulations. If respondents do not choose to do so, the writ will issue forthwith.