Dennis Wayne MOSLEY, Appellant,

v.

COMMANDING OFFICER, ELLS-
WORTH AIR FORCE BASE, et al.,
Appellee.

No. 72–1720.

United States Court of Appeals,
Eighth Circuit.

Submitted April 13, 1973.

Decided June 20, 1973.

Marvin M. Karpatkin, New York City, Curry First, Milwaukee, Wis., for appellant and American Civil Liberties Union.

Richard Hurd, Asst. U. S. Atty., Sioux Falls, S. D., for appellee.

Before LAY and STEPHENSON, Circuit Judges, and TALBOT SMITH,* District Judge.

PER CURIAM.

The issue before us is a narrow one. The appellant, Petitioner Mosley, enlisted in the United States Air Force on September 1, 1968. Following basic training at Lackland Air Force Base he spent three months in Officer Training School, followed by one year of Flight School at Reese Air Force Base and three months of B–52 School at Castle Air Force Base prior to arrival at Ellsworth Air Force Base, South Dakota, where he was assigned at the time of filing the petition before us.

On February 25, 1971, petitioner made application for discharge from the Air Force on the ground that he was a conscientious objector. The officer appointed (under appropriate regulations) to hear the case concluded that "Lt. Mosley fully understands the import of his request and is sincere in his statements." His immediate Commanding Officer concurred, as did other officers called upon for endorsements. The Air Force Personnel Board, however, denied appellant's request, giving no reasons for its decision, subsequent to which petitioner sought relief by petitioning for a writ of habeas corpus in the federal district court.

It was the finding of the district court that "there is no basis in fact for the action of the Air Force Personnel

* Hon. Talbot Smith, United States Senior District Judge, Eastern District of Michigan, sitting by designation.

Board in denying petitioner's request for discharge as a conscientious objector" and, accordingly, the petition for the writ of habeas corpus was granted and the writ issued. There has been no appeal from the portion of the judgment below that the Air Force had unlawfully denied petitioner's discharge.

The issue before us arises from the fact that the court *sua sponte* conditioned the issuance of the writ as follows:

"The court concludes that the petition for writ of habeas corpus be granted and the writ issued. However, in view of the time and expense incurred by the government in training petitioner, the writ shall be conditioned on the provision that he serve in the civilian work program administered by the Selective Service for a period of time equal to that of his remaining active duty obligation."

■ It is the contention of the appellant that such a condition is violative of the Department of Defense Directive 1300.6 and an unpermissible and unconstitutional burden on the First Amendment rights of conscientious objectors.

We find no warrant in the Department of Defense Directive 1300.6 for the imposition of such a condition on a conscientious objector of Mosley's service. The Directive, captioned "Conscientious Objectors," provides as follows in Section VI(C)2: [1]

"When a determination has been made on the merits of the application, the following actions will be taken: persons with less than 180 days' service who are determined to be bona fide conscientious objectors and whose request for separation is made early enough so that discharge will occur prior to completion of 180 days' active duty will be separated early enough to permit the remaining service in the civilian work program administered by Selective Service. In such cases, the Selective Service System will be promptly notified of the date of discharge from the military service, the fact that the individual has not completed 180 days' active duty, and will be requested to induct the individuals for the alternative service provided by the MSS Act."

It is clear on the record that the above provision respecting the work program administered by Selective Service, applicable to "persons with less than 180 days' service" has no application to petitioner Mosley, whose service exceeded such limitation. In fact the respondent's concession in this regard brings the issue before us into sharp focus, stating (respondent's Brief, p. 5):

"The Air Force recognizes that Mosley has served in excess of the 180 days that exempt him from the authority of the Selective Service call-up and, therefore, would be required to perform alternate service solely on the basis of the trial court's condition contained in the granting of the Writ of Habeas Corpus."

■ The district court, in imposing the condition, relied upon considerations of equity, namely, that petitioner should recompense the Government by services rendered, for the time and expense incurred in his training. However equitable such recompense may be on a theoretical basis (as to which we express no opinion) it is our judgment that such considerations are more properly addressed to the legislature than the courts. We take judicial notice of discharges based upon medical and hardship considerations, as well as conscientious objectors, and the computation by the courts of a proper *quid pro quo* in such cases, without appropriate legislative standards, might well lead in individual cases to severe injustice. In this

[1]. See, also, Department of the Air Force, Regulation 35-24, particularly § 13 thereof, "Disposition of Conscientious Objectors," paralleling the Department of Defense Directive.

general area see Miller v. Chafee, 324 F.Supp. 1344 (D.Hawaii, 1971), rev. 462 F.2d 335 (9th Cir. 1972); McCullough v. Seamans, 348 F.Supp. 511 (E.D.Cal. 1972).

In reviewing the appropriate Air Force Regulation and Directive (cited above) we do not find, nor are we cited to any requirement therein that a serviceman, with 180 or more days of service, need express his willingness of lack thereof to perform civilian work. The matter was examined in Moore v. Connell, 318 F.Supp. 884, 890 (fn. 3) (D. Md.1970), in the following terms.

"The application for discharge, contained in the official record of this case, includes a section (l) which inquires into the applicant's willingness to perform work under the Selective Service civilian work program. Lieutenant Moore stated in reply thereto that he was willing to perform such work. However, AR 635–20 provides that this question is to be directed to those who have served less than 180 days, so technically this question was not directed to Lieutenant Moore.

*But see* United States ex rel. Brooks v. Clifford, 409 F.2d 700, 702–703 (4th Cir. 1969), where Judge Winter indicates that an applicant who has served *more* than 180 days is asked to make such an indication." (Emphasis in original)[2]

We thus find no authority to support the assertion that a serviceman, serving 180 or more days, is required to state his willingness to perform civilian work, nor do we find support in the record for the position that petitioner did in fact "consent" to the performance of civilian work. It is so stated on the summary sheet of the Department of Defense but the specific answers of the petitioner to relevant questions asked of him during the several interviews do not support the conclusion on the summary sheet.[3]

Under the view we have taken of the case we do not reach the constitutional or other issues presented. Upon remand the District Court will amend its Order so as to grant Mosley's petition for habeas corpus relief unconditionally.[4]

Reversed and remanded.

2. Such cases as Moore v. Connell, *supra*, as well as other cases relied upon by respondent for conditioning the writ all involve either express willingness to serve on the part of the respective petitioners, or are based upon such cases. See United States ex rel. Brooks v. Clifford, 409 F.2d 700 (4th Cir. 1969); Packard v. Rollins, 307 F.Supp. 1388 (W.D.Mo.1969), aff'd 422 F.2d 525 (8th Cir. 1970); cf. Osborne v. Seaman, 318 F.Supp. 41 (D. Md.1970).

3. Pursuant to Air Force Regulation 35–24, 8C(2) the Chaplain, Lt. Col. Poormann, asked petitioner "What is [your] role as a citizen? Answer: "Once I am discharged from the Air Force, I intend to return to college to obtain a degree in sociology. After this, I am undecided as to which course I will take; either join the Peace Corps for two years, or visit some of the other nations of our world in an attempt to discover for myself what they presently think of the United States, and what could

be done to achieve world peace and harmony. After returning from abroad, I intend to return to college, and obtain a master's degree and possibly a doctorate in sociology."

Returning to petitioner's application, he was asked, under Air Force Regulation 35–24, 4e, to state: "Describe the actions and behavior in your life that in your opinion most conspicuously demonstrate the consistency and depth of your religious conviction that gave rise to your claim." Petitioner in response stated: "In the future I intend to return to college and obtain a degree in sociology and eventually secure a position that will help eliminate many of the shortcomings of our society."

4. Respondent advises this Court that the directives and regulations hereinabove considered "are now obsolete" due to extensive revisions. We have presented to us no issues as to such asserted changes and have not considered such.