417 F.2d 775
 Darwin Earl SCHULTZ, Appellant,
v.
Honorable Clark CLIFFORD, Secretary of Defense, and the Commanding Officer of Fort Leonard Wood, Missouri, the Sheriff of Hennepin County, and the Agent in Charge of the Office of the Federal Bureau of Investigation in Minneapolis, Minnesota, Appellees.
 No. 19583.
 United States Court of Appeals Eighth Circuit.
 October 29, 1969.
 Rehearing Denied November 17, 1969.
 
 Chester A. Bruvold, Minneapolis, Minn., for appellant, and filed briefs.
 Neal J. Shapiro, Asst. U. S. Atty., Minneapolis, Minn., for appellees, Patrick J. Foley, U. S. Atty., on the brief.
 Before MATTHES, GIBSON and BRIGHT, Circuit Judges.
 PER CURIAM.
 
 
 1
 Darwin Earl Schultz, a member of the Army Reserve, refused to report to Fort Leonard Wood, Missouri, when called to active duty. Thereafter, he was arrested as a possible deserter from the armed forces. He petitioned the district court seeking release from his arrest and seeking to bar the Army from exercising any jurisdiction over his person. The trial court denied the writ and the petitioner appeals. We have jurisdiction, 28 U.S.C. § 2253, and we affirm.
 
 
 2
 Appellant enlisted in the Minnesota National Guard in 1963 and by that enlistment, he also acquired an Army Reserve status. He served in the guard satisfactorily until February of 1967, when he returned his equipment to unit headquarters and stated that he had become a conscientious objector. From February of 1967, until January of 1968, he attended only one regularly scheduled drill and did not attend summer Guard camp.[1] Because Schultz no longer satisfactorily served, he lost his deferred status under Selective Service and was reclassified 1-A (5th priority). However, his age group, over twenty-six, has not been subject to call.
 
 
 3
 Appellant sent letters to his National Guard unit stating his desire to be discharged as a conscientious objector and requesting forms that he might fill out. Army Regulation 135-25 requires that the applicant for discharge as a conscientious objector receive personal counseling and provide the military with specified supporting information. An officer in his unit wrote Schultz on August 14, 1967, notifying him that he should report to his unit headquarters for forms and information concerning his rights. Schultz denied receiving the letter.
 
 
 4
 Schultz received activation orders on January 2, 1968, requiring him to report to Fort Leonard Wood, Missouri, on January 17. On January 9, petitioner wrote the Fifth Army headquarters, which had issued his orders, requesting that his "induction notice" be rescinded or postponed until his claim of conscientious objection could be processed. Contemporaneously, and through his attorney, he sought to have the Executive Secretary of the National Service Board for Religious Objectors in Washington, D. C. intervene and seek cancellation of his orders. About February 1, petitioner received a telegram from Fifth Army headquarters advising him that only the National Guard could request a change in his orders to active duty and that "* * * unless they advise us to amend or revoke your orders you will report for active duty as scheduled". The record discloses no further attempt by Schultz to clarify his status, although upon oral argument, his counsel advised that he had asked a United States Senator from Minnesota to intervene with military authorities.
 
 
 5
 Schultz was called to active duty as a reservist not serving satisfactorily under the authority of 10 U.S.C. § 673a, reading as pertinent:
 
 
 6
 "§ 673a. Ready Reserve: members not assigned to, or participating satisfactorily in, units
 
 
 7
 (a) Notwithstanding any other provision of law, the President may order to active duty any member of the Ready Reserve of an armed force who —
 
 
 8
 (1) is not assigned to, or participating satisfactorily in, a unit of the Ready Reserve;
 
 
 9
 * * * * * *
 
 
 10
 On appeal, petitioner asserts he presented the trial court with an adequate reason to issue the writ: (a) that the active duty order is invalid and without due process because the National Guard refused to furnish Schultz appropriate forms under which he could apply for a discharge as a conscientious objector; (b) that the order requiring him to report for active duty constituted an unlawful modification of provisions of his enlistment contract which pre-dated the enactment of the statute on which the activation order was based, 10 U.S.C. § 673a; (c) that having reported Schultz as a delinquent reservist to Selective Service, the military possessed no power under 10 U.S.C. § 673a to punish him by ordering him to active duty.
 
 
 11
 The trial judge, the honorable Earl R. Larson, considered each of these contentions. We have reviewed them. In affirming, we adopt Judge Larson's opinion reported in 303 F.Supp. 965 (D.Minn.1968).
 
 
 12
 However, in disposing of the matter, we are constrained to add another comment. It is true that Schultz, though having the advice of counsel since June of 1967, failed to seek discharge as a conscientious objector in the manner specified by the regulations and he ignored the order requiring him to report for active duty. One may conclude that he was misguided or that he refused to heed good advice. In any event, this young man has breached military discipline,[2] but, as yet, he has not had the opportunity to fairly present his claim to be discharged as a conscientious objector. Upon issuance of this court's mandate, Darwin Schultz, who had previously been released on bail, will again be subject to Army jurisdiction. Department of Defense Directive 1300.6 permits a soldier on active duty to seek discharge as a conscientious objector. Should Schultz apply for such discharge, the Army, under that directive and its own Army Regulation 635-20, must afford Schultz fair consideration of his claim. See, Hammond v. Lenfest, 398 F.2d 705 (2d Cir. 1968). We assume it will do so.
 
 
 13
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 At the trial, appellant said that he did not attend summer camp because he had a broken ankle. He did not notify his National Guard unit of his physical disability
 
 
 [2]
 We here determine only that Schultz was subject to his activation order. We do not consider whether desertion, the charge upon which he was arrested, may be sustained. Such charge requires an intent topermanently remain away from a military unit. 10 U.S.C. § 885. A person acting under advice of counsel might not possess such intent.