Stephen R. **PACKARD**, Appellee,

v.

Major General Andrew P. **ROLLINS**
et al., Appellants.

No. 19791.

United States Court of Appeals,
Eighth Circuit.

March 2, 1970.

Vernon A. Poschel, Asst. U. S. Atty., Kansas City, Mo., for appellants, Calvin K. Hamilton, U. S. Atty., was on the brief.

Richard B. Globus, Kansas City, Mo., for appellee, and filed brief.

Before MATTHES, GIBSON and LAY, Circuit Judges.

MATTHES, Circuit Judge.

This case reaches us on appeal by Major General Andrew P. Rollins, et al.,[1] from the judgment of the district court entered on April 25, 1969, granting a writ of habeas corpus and ordering appellee discharged from custody.[2] We af-

firm.

All relevant facts were stipulated, and the cause was eventually submitted on appellants' motion for summary judgment.

Appellee enlisted in the United States Army on September 14, 1966. He attended Officer Candidate School, was commissioned in 1967, and was a second lieutenant, United States Army Reserve, on active duty at Fort Leonard Wood, Missouri, on December 16, 1968, the date he filed his petition for writ of habeas corpus.

On or about September 26, 1968, appellee submitted a request for separation from the Army on the ground of conscientious objection. The request complied with all of the applicable rules, regulations, and directives and was approved as to form. The request was denied on December 5, 1968.[3]

Appellee was notified of the disapproval on December 11, 1968, and was ordered to report to a military establishment in California on December 18, 1968.

Upon filing the petition, the district court ordered the respondents (appellants here) to show cause on or before December 23, 1968, why a writ of habeas corpus should not issue, and also restrained removal of appellee from the Western District of Missouri pending determination of the action. Appellants' response attacked the jurisdiction of the district court, not on the ground that habeas corpus was not an appropriate

---

1. The original respondents in the district court were Major General Andrew P. Rollins, Fort Leonard Wood, Missouri, and Clark Clifford, Secretary of Defense. On February 5, 1969, pursuant to motion of the United States Attorney, Stanley R. Resor, Secretary of the Army, was added as a party respondent. On April 25, 1969, Melvin R. Laird was substituted for Clark Clifford as Secretary of Defense.

2. In appellee's request for separation from service on the ground that he was a conscientious objector, he stated he was willing to serve in the civilian work pro-

gram administered by the Selective Service System. The judgment of the district court requires appellee to perform such service commencing when the district court's order and judgment become final. The district court retained jurisdiction and thus will be enabled to enforce its judgment relating to civilian employment.

3. Appellee's commanding officer, who recommended disapproval, stated, "I believe Lieutenant Packard's request for classification as a conscientious objector is essentially political, sociological and philosophical."

remedy, but because appellee had failed to exhaust his administrative remedies in not appealing to the Board for Correction of Military Records, pursuant to 10 U.S.C. § 1552.[4] Alternatively, appellants asserted that there was a basis in fact for the Army's denial of appellee's claim of conscientious objection.

The district court, in a soundly reasoned opinion reported at 307 F.Supp. 1388 (W.D.Mo.1969), demonstrated that appellee had exhausted his administrative remedies and then dealt with the merits of the conscientious objector claim. Resolution of this latter issue turned on the crucial question of whether there was a basis in fact for the denial of the conscientious objector claim. On the authority of United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L. Ed.2d 733 (1965), and decisions from other circuits, Judge Collinson concluded:

"In view of the fact that each of the Army officers processing the application attested to the sincerity of the belief, and in view of the excerpts quoted above from the supporting documents, the Court holds that Packard's beliefs, though partially grounded on other than religious grounds, are primarily based on religious beliefs." 307 F.Supp. at 1395.

■ Appellants have abandoned their claim that the court lacked jurisdiction for failure of the appellee to resort to the Board for Correction of Military Records. They press their contention, however, that the district court erred in holding that there was no basis in fact for denying the request for separation from active service. In substance they argue that because the reviewing officers concluded that appellee's conscientious objection did not flow from his religious training or beliefs, such determination may not be overturned by the courts. We disagree.

We recognize, as did Judge Collinson, that the courts have limited power to review classifications made by the military. Estep v. United States, 327 U.S. 114, 122, 66 S.Ct. 423, 90 L.Ed. 567 (1946). It is "not for the courts to sit as super draft boards, substituting their judgments on the weight of the evidence for those of the designated agencies. * * * The classification can be overturned only if it has 'no basis in fact'." Witmer v. United States, 348 U.S. 375, 380–381, 75 S.Ct. 392, 395, 99 L.Ed. 428 (1955). See also United States v. St. Clair, 293 F.Supp. 337, 341 (E.D.N.Y. 1968).

■ It is firmly settled, however, that the appropriate authorities, be they the local draft boards, appeal boards or the Army officials, are not vested with unbridled and unfettered discretion in assessing and evaluating the evidence submitted in support of conscientious objector claims. The authorities should recognize that before a conscientious objector classification may be denied on the ground that the applicant's beliefs are based upon "political, sociological and philosophical" views or a merely personal moral code, those factors must be the *sole* basis of his claim for the classification. As stated by the *Seeger* Court:

"The use by Congress of the words 'merely personal' seems to us to restrict the exception to a moral code which is not only personal but which is the sole basis for the registrant's belief and is in no way related to a Supreme Being." 380 U.S. at 186, 85 S.Ct. at 864.

Application of the *Seeger* test has resulted in reversal of several convictions. See, e.g., United States v. Levy, 419 F. 2d 360 (8th Cir. 1969); United States v. Owen, 415 F.2d 383 (8th Cir. 1969). See also Fleming v. United States, 344 F.2d 912 (10th Cir. 1965).

---

4. Hammond v. Lenfest, 398 F.2d 705 (2d Cir. 1968), held that the Great Writ was available to a member of the Naval Reserve who had been refused discharge as a conscientious objector. See also Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963); Schultz v. Clifford, 417 F.2d 775 (8th Cir. 1969).

We have painstakingly studied the full record submitted in this case. It consists in large measure of numerous letters and other writings submitted by appellee in support of request for separation. Judge Collinson has quoted extensively in his opinion from these letters and reports, attesting to the sincerity of appellee's beliefs and to the important fact that they were based upon his Christian religious precepts. We therefore refrain from engaging in the needless exercise of detailing once again the documentary proof. It is sufficient to observe that on this record we entertain no doubts as to the correctness of Judge Collinson's conclusion.

It is important to keep in mind that, unlike some other cases, e.g., United States v. Hesse, 417 F.2d 141 (8th Cir. 1969); United States v. Henderson 411 F.2d 224 (5th Cir. 1969); Hunter v. United States, 393 F.2d 548 (9th Cir. 1968); United States v. St. Clair, *supra*, the sincerity of appellee was never questioned. The Army authorities who reviewed appellee's request for discharge were unanimous in agreeing that he was sincere in his claim of conscientious objection. Counsel for appellants made the same concession at oral argument. This being so, we have some difficulty in comprehending the failure of the military authorities to give any credence to the voluminous evidence submitted by appellee which points unerringly to the fact that his beliefs were based, not on a personal moral code, but upon religious convictions which had been instilled during his early family life. Apparently, the reviewing authorities were motivated by the fact that appellee had voluntarily enlisted in the Army, had attended Officer Candidate School, had been commissioned as a second lieutenant and, finally, had served without objection until September 14, 1968. Beyond doubt these were relevant factors for consideration. We believe, however, that they were more pertinent to the question of appellee's sincerity.

In summary, we conclude as did Judge Collinson, that there was no basis in fact for the denial of appellee's request for separation.

Accordingly, the judgment is affirmed.