UNITED STATES of America ex rel.
Clyde Victor **MORAVETZ**,
Petitioner,

v.

**Honorable Stanley RESOR et al.,**
Respondents.

No. 4–71 Civ. 1.

United States District Court,
D. Minnesota,
Fourth Division.

Oct. 13, 1972.

Thomson, Wylde & Nordby by John R. Wylde, Jr., St. Paul, Minn., for petitioner.

Robert G. Renner, U. S. Atty. by Stephen G. Palmer, Asst. U. S. Atty., for respondents.

ORDER GRANTING PETITIONER'S MOTION FOR SUMMARY JUDGMENT ON APPLICATION FOR WRIT OF HABEAS CORPUS

NEVILLE, District Judge.

Petitioner, a member of the Minnesota National Guard component of the Ready Reserve, has filed this habeas corpus petition to challenge his involuntary activation. Petitioner voluntarily enlisted in the Minnesota National Guard on July 10, 1965. AR 135–91 is the Army regulation which sets forth the requirements for satisfactory participation in a Ready Reserve component of the Army, such as the National Guard. It also sets forth procedures for enforcement, providing that a member fails to participate satisfactorily when he accrues in any 365 consecutive day period a total of five or more unexcused absences from scheduled unit training assemblies. An absence is considered to be unexcused unless it is authorized by the unit commander for reasons of sickness, injury, emergency, or other circumstances beyond the control of the member and substantiated by appropriate affidavits or certified by a doctor or a medical officer. Further, a member may be given an unexcused absence even

though he is present if the unit commander determines that he has not performed his duties in a satisfactory manner.[1] A member of the Ready Reserve who fails to participate satisfactorily in weekly and week-end assemblies and summer camp will be ordered to active duty for a period which, when added to his prior such service on active duty, will total 24 months.

Petitioner had participated satisfactorily for nearly five of his required six years when, on the weekend of August 15–16, 1970, he received four unexcused absences. Two assembly periods were conducted each of the two days of the weekend. Although the respondents acknowledge that petitioner was present for at least part of each of the four training assemblies on this particular weekend, his performance was deemed unsatisfactory and resulted in four unexcused absences, which together with one which petitioner had incurred the previous December, made him eligible for activation. Petitioner's commanding officer initiated activation proceedings, and petitioner was so informed in writing on August 20, 1970. After unsuccessful appeals within the military system, petitioner was ordered to report for active duty on January 9, 1971.

On January 4, 1971, petitioner filed this petition for a writ of habeas corpus and the Honorable Gunnar H. Nordbye of this court issued an order to show cause and a temporary restraining order enjoining petitioner's activation. This court's pretrial order of March 19, 1971 confined the scope of judicial inquiry to the following three areas:

1. Whether the petitioner has been afforded due process, that is, that he received proper notice, that the Army followed its own rules and regulations and that there were no required procedural steps omitted.

2. Whether the Board of Review or any Army Tribunal acted capriciously, arbitrarily, fraudulently or was in any way improperly motivated.

3. Whether there is some substantial evidence to sustain any findings and conclusions which an Army Tribunal or Board may have made.

The order specifically precludes a hearing *de novo* on the fact issues.[2]

The case is now before the court on the motions of both parties for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. To obtain summary judgment, the moving party must convince the court that there are no genuine issues of material fact and that he is entitled to relief as a matter of law. As the Eighth Circuit and this court have pointed out on numerous occasions, summary judgment is "an extraordinary remedy and should be granted very, very sparingly." United States for Use of M. G. Astleford Co. v. S. J. Groves, 53 F.R.D. 656 (D.Minn. 1971), and cases cited therein. Inasmuch as the basic facts in this case are not in dispute, however, and the court has restricted its review to the above three matters, the court considers this case appropriate for summary judgment, particularly as it relates to the first scope of inquiry under the court's March 19th order.

It is petitioner's contention that the Army denied him due process in terms

---

1. AR 135–91(5)(d)(2) provides in pertinent part that "a member present at a scheduled unit training assembly will not receive credit for attendance thereat unless he is in the prescribed uniform, presents a neat and soldierly appearance, and performs his assigned duties in a satisfactory manner as determined by the unit commander."

2. The Eighth Circuit recently recognized that, absent extraordinary circumstances, review of discretionary determinations by military officials should be limited to determining whether they have complied with the appropriate regulations governing their conduct. See Jolicoeur v. Laird et al., 462 F.2d 1234 (8th Cir. 1972), and cases cited therein.

of failing to follow its own regulations in several material respects. First, petitioner alleges that his commanding officer failed to investigate the reasons for the alleged unexcused absences, a consideration which petitioner maintains assumed added importance because the commanding officer was not present himself at the weekend assemblies. Petitioner also asserts a number of defects in the military appeal process. Petitioner was notified of his first appeal right several days after he was informed that the Army intended to activate him, although the Army did extend his appeal period by the same number of days. As to petitioner's second appeal right, he maintains that he was forced to uncover the existence of that right on his own and that "it is doubtful if the complete appeal has ever been presented to the competent tribunal at one time.[3] Finally, petitioner argues that the entire appeal process has been tainted by a conversation with Captain Thomas Lyons of the 128th JAG Legal Assistance Detachment whereby petitioner's commanding officer allegedly agreed to drop the activation proceedings,[4] only to recant shortly thereafter.[5] The respondents assert that the Army materially complied with all applicable regulations.

In this court's view, the appeal questions need not be reached. While much of petitioner's brief emphasizes such irregularities, a review of the uncontested facts as established by the affidavits and exhibits adduced by both parties reveals a fundamental and fatal procedural flaw early in the activation process. Because

the penalty for unsatisfactory participation at five or more assembly drills is so severe, the Army has promulgated elaborate procedures to insure that reservists are *promptly* notified when their participation in any training assembly is unsatisfactory. Thus AR 135–91(12)(e) requires that a reservist be furnished a letter, in person or by registered mail, apprising him of the number of drills he has missed, his obligation to participate satisfactorily, and the requirements thereof.[6] A copy of this letter is to be made part of the member's permanent personnel records. Fifth United States Army Regulation 135–203, Section II, 5(c)(1) spells out this requirement in greater detail. It is crucial here and provides that notification is required for:

"Those reservists who fail without proper excuse to attend unit training assemblies or MUTA. Furnish notification upon *each* absence." (Emphasis is in original)

The requirements of the Fifth United States Army regulation are clear. Even in a multiple unit training assembly (MUTA), where two drills take place in a single day or four drills in a single weekend, the reservist must be given formal notice of the unexcused absences as they occur. Thus, petitioner should have been informed by letter delivered in person of his unsatisfactory participation for the morning drill of August 15 before or at the commencement of the drill of that afternoon and of the afternoon remiss before the next morning etc.[7] If the Army had followed its

3. Petitioner's Brief at page 8.

4. Respondents' Exhibit No. 11.

5. Respondents' Exhibit No. 12.

6. AR 135–91(12)(e) requires three distinct steps in the notification procedure. (1) Contact the member in person, if practical, and furnish a letter of instruction outlining the members' obligation to participate satisfactorily. (2) If it is impractical to establish personal contact, the member is furnished a letter of instruction

by certified mail, delivered to addressee only, return receipt requested. (3) A copy of the letter of instruction and the Post Office receipt, if applicable, are filed as permanent documents in the members' Military Personnel Records Jacket.

7. The court does not wish to opine on the proper notification procedure when a reservist is not actually present at an assembly session as opposed to receiving, as petitioner here did, unsatisfactory absences for meetings he physically attended.

own regulation, petitioner would have been apprised of his unsatisfactory conduct in sufficient time to rectify it if so desired before the next assembly, rather than finding a registered letter some four days later on August 20, 1970 informing him that he had accumulated five unexcused absences, four of which accrued on the previous weekend at training assemblies he actually had attended. Therefore, it is clear from the facts admitted by the respondents that there was a material and substantial departure from the Army's own regulations governing the procedural requirements pertaining to notification of unexcused absences.[8] Because this departure in and of itself so significantly violates petitioner's rights, the court need not consider any of the other alleged defects in the activation process. Due process requires that the Army follow its own regulations. Smith v. Resor, 406 F.2d 141 (2d Cir. 1969), This principle has been applied countless times to Selective Service cases. United States v. Levin, 326 F.Supp. 1069 (D.Minn. 1971), and cases cited therein.

It is ordered Petitioner's writ of habeas corpus is granted and the United States Army and the respondents are enjoined from activating petitioner on the basis of, or by counting, the last three claimed unexcused absences of August 15 and 16, 1970; provided that nothing herein shall excuse petitioner from completion of his obligation as a ready reservist despite and exclusive of the period during which this litigation has pended and absences during such period and for a period of ten days following date of this order shall not be deemed unexcused, it being the intent that the period is tolled from August 15, 1970 until ten days from date of this order.

---

8. Accepting as true the information in respondents' affidavits, the verbal reprimand which petition allegedly received during the afternoon drill of August 15 falls far short of the notice requirements for unsatisfactory participation. Aside from its failure to meet the formal requirements of AR 135–91, it would be erroneous to assert that a verbal reprimand is equivalent to an unsatisfactory absence.