**Keith V. CHILGREN, Petitioner,**

**v.**

**James R. SCHLESINGER, Secretary of Defense et al., Respondents.**

**No. 3–73–Civ–249.**

United States District Court,
D. Minnesota,
Third Division.

Jan. 8, 1974.

Donald J. Heffernan, Tilsen, Heffernan & Wells, Saint Paul, Minn., for petitioner.

Robert G. Renner, U. S. Atty. and Stephen G. Palmer, Asst. U. S. Atty., Minneapolis, Minn., for respondents.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

This petition for writ of habeas corpus is before the Court on cross-motions for summary judgment under Federal Rule of Civil Procedure 56. Petitioner alleges that he is being unlawfully detained in the custody of respondents by the denial of his application for discharge from the military service as a conscientious objector. Jurisdiction exists under 28 U.S.C. § 2241. For the reasons expressed below, the Court is of the opinion that the petition for writ of habeas corpus should be denied.

Petitioner is a commissioned officer in the Air Force Reserves. He submitted an application for discharge as a conscientious objector with supporting letters attached. In accordance with Air Force regulations, 32 C.F.R. §§ 888e.20 & –.22, petitioner was interviewed by a psychiatrist, a chaplain, and an investigating officer. The psychiatrist determined that petitioner was free from mental disorder. The chaplain determined that the nature and basis of petitioner's claim were religious and that petitioner's sincerity and depth of conviction were "authentic, genuine and of considerable depth." The investigating officer determined that the underlying basis of petitioner's conscientious objection was religious in nature, that he was sincere in his beliefs, and that he was opposed to war in any form. On the basis of the record at that time, the investigating officer recommended that petitioner's application for discharge as a conscientious objector be approved.

The record was forwarded to the Air Reserve Personnel Center, Denver, Colorado, for review by the Staff Judge Advocate. The Staff Judge Advocate concluded that "[t]he record indicates that the applicant's anti-war beliefs are not a deeply held, integral part of his overall religious beliefs to such an extent that he qualifies as a conscientious objector. Accordingly, it is recommended that this application be denied." The S.J.A.'s recommendation was approved by the Director of Personnel Actions, Air Reserve Personnel Center, and forwarded to the Air Force Military Personnel Center, Randolph Air Force Base, Texas.

The record was then reviewed by the Office of the Command Surgeon and the Office of the Command Chaplain. The Office of the Command Surgeon questioned petitioner's sincerity and recommended disapproval of the application. The Office of the Command Chaplain also recommended disapproval of the application observing that petitioner's "beliefs do not appear to be deeply held and this, in turn, casts serious doubt on his sincerity." Upon a review of the record at this point, the Directorate of Personnel Program Actions found considerable difficulty with the conflicts in petitioner's supporting letters and concluded that there was "every indication of insincerity and expediency to avoid his voluntary assumed obligation" and, therefore, recommended disapproval of the application. The record was then forwarded to the Office of the Judge Advocate General, Washington, D. C.

The Office of the Judge Advocate General reviewed the record and con-

cluded that petitioner had failed to establish "that his professed beliefs are sincere and deeply held." The review noted the absence of any evidence in the record to explain how or why petitioner's beliefs changed so significantly from the time that he voluntarily assumed his active duty obligation. In conclusion, the review stated that,

> [c]onsidered *in toto* the application submitted by Chilgren to support his claim of conscientious objection is a superficial recital of beliefs which might well be espoused by any Christian. He has provided no evidence that his professed conscientious objector beliefs are so sincere and deeply held as to have become the primary controlling force in his life and has provided no insight into how his beliefs have changed from those which he has always held.

Upon a review of the entire record, the Secretary of the Air Force adopted the rationale of the Office of the Judge Advocate General and denied petitioner's application for discharge as a conscientious objector. Petitioner was notified of the denial of his application and filed this petition for writ of habeas corpus.

■■ The first issue is whether respondents' failure to comply with an Air Force regulation, 32 C.F.R. § 888e.24, which requires the investigating officer to forward a copy of the record to the applicant and inform him of his right to submit a rebuttal was prejudicial error and denied petitioner due process. Although due process requires that the military follow its own regulations, United States ex rel. Moravetz v. Resor, 349 F.Supp. 1182, 1185 (D.Minn.1972), the Court is not persuaded that the failure on the part of respondents to provide a copy of the record to petitioner was prejudicial error. Specifically, at that point in time, the record did not contain any adverse information for petitioner to rebut. Therefore, the Court finds that the violation of the regulation was harmless error and did not deny due process to petitioner.

■ The second issue is whether there is a basis in fact for respondents' determination that petitioner is not entitled to discharge from the military as a conscientious objector. The scope of judicial review in the area of military classifications is severely limited. *See* Estep v. United States, 327 U.S. 114, 122, 66 S.Ct. 423, 90 L.Ed. 567 (1946). The standard to be applied in this area is whether or not there is a basis in fact for the military classification. *See* Packard v. Rollins, 422 F.2d 525, 527 (8th Cir. 1970). If a basis in fact exists for the classification, a court may not reverse the administrative decision even if a different result might be reached upon a review of the evidence de novo.

■ Generally, the applicant has the burden of proving his conscientious objector status. *See* Swaczyk v. United States, 156 F.2d 17, 19 (1st Cir.), cert. denied, 329 U.S. 766, 67 S.Ct. 77, 91 L. Ed. 629 (1946). In order to sustain this burden of proof, the applicant must satisfy three requirements: (1) opposition to participation in war in any form, Gillette v. United States, 401 U.S. 437, 91 S.Ct. 828, 28 L.Ed.2d 168 (1971); (2) opposition based on religious training and belief, Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970); and (3) conviction which is sincere, Clay v. United States, 403 U.S. 698, 91 S.Ct. 2068, 29 L.Ed.2d 810 (1971), and deeply held, Welsh v. United States, *supra*. Although the military authorities "are not vested with unbridled and unfettered discretion in assessing and evaluating the evidence submitted in support of conscientious objector claims," Packard v. Rollins, *supra*, 422 F.2d at 527, fairly premised disbelief of the applicant's sincerity based on the evidence submitted is sufficient to establish a basis in fact for the denial of the application.

■ The Court's review of the record in light of this limited scope of review reveals that petitioner has failed to carry his burden of proof with regard to

the sincerity and depth of his conviction and that respondents were justified in their denial of the application. Respondents concluded that petitioner offered no evidence that his religious beliefs were so sincere and deeply held as to warrant his discharge from the military:

> No evidence is offered as to how these beliefs have changed since his acceptance of an Air Force commission and of delays granted in being called to active duty to allow him to complete medical training. He states "My beliefs crystallized with my personal and religious maturation," yet offers no evidence of a change in life style as a result of this "crystallization" other than making his views public to his acquaintances.

Therefore, upon a review of the record, the Court finds that there was a basis in fact for respondents' disapproval of petitioner's application.

For the foregoing reasons, it is ordered that the petition for writ of habeas corpus is denied.