**Keith V. CHILGREN, Appellant,**

v.

**James R. SCHLESINGER, Secretary of Defense, et al., Appellees.**

**No. 74–1111.**

United States Court of Appeals, Eighth Circuit.

Submitted May 15, 1974.

Decided July 10, 1974.

---

20. We of course do not rule out the possibility of any informed change of plea.

Donald J. Heffernan, St. Paul, Minn., for appellant.

Stephen G. Palmer, Asst. U. S. Atty., Minneapolis, Minn., for appellees.

Before VOGEL, Senior Circuit Judge, and GIBSON and WEBSTER, Circuit Judges.

VOGEL, Senior Circuit Judge.

Appellant Chilgren, a commissioned officer in the United States Air Force Reserves, sought a writ of habeas corpus in the United States District Court for the District of Minnesota, alleging that he is being unlawfully detained in the service because of the denial of his application for discharge as a conscientious objector. The District Court denied the petition in an opinion reported at 368 F.Supp. 1375 (D.Minn.1974), and this appeal followed.

Upon an examination of the entire record, we conclude that there was no basis in fact for the Secretary of the Air Force's determination that appellant is not entitled to discharge from the military as a conscientious objector, and, accordingly, the District Court's refusal to grant the writ must be reversed.

Appellant joined the United States Air Force Reserves in May of 1968, while he was attending medical school. He received no monetary benefits or support from the Air Force and attended no military training programs, nor was he required to do so. On September 29, 1972, appellant submitted an application for discharge from the Air Force Reserves based upon conscientious objection to war and attached some 13 supporting letters. In accordance with Air Force regulations, Chilgren was interviewed by a psychiatrist, a chaplain, and an investigating officer, each of whom filed reports of their findings. Major Roger A. Mattson, M.D., found Chilgren free of psychiatric disorder. Base Chaplain Terrence J. Murphy concluded from his study of Chilgren's application and after a personal interview that:

3. "The nature and basis of the applicant's claim" are religious. Analysis of the applicant's reasons, given both orally and in writing, indicate they are religious in nature.

4. "The applicant's sincerity and depth of conviction" are authentic, genuine, and of considerable depth. This is evident from the thorough grasp he has of fairly complicated theological positions, from his manner, and from the history and process by which he developed his conviction.

The investigating officer, Major Robert D. Nordstrom, concluded, based upon the application, the attached letters of support, and Chilgren's statements under oath at the hearing, that:

d. The basis for the applicants [sic] conscientious objection is religious in nature. Capt. Chilgren has strong secondary moral convictions due to his professional experiences at the

Veterans' Hospital. I believe Capt. Chilgren to be sincere in his application because his belief at the hearing was consistent with those expressed in his application.

Appellant's record was then forwarded to the Air Reserve Personnel Center, Denver, Colorado, for review by the Staff Judge Advocate, Colonel Mack E. Schwing. His conclusion, based only on the written record, and concurred in by the Commander of the Center and the Director of Personnel Actions, was that:

The record indicates that the applicant's anti-war beliefs are not a deeply held, integral part of his overall religious beliefs to such an extent that he qualifies as a conscientious objector. Accordingly, it is recommended that his application be denied.

Appellant's record was then forwarded to the Air Force Military Personnel Center, Randolph Air Force Base, Texas, for further review by the offices of the Surgeon General and the Chief of Chaplains.

The Special Assistant to the Command Chaplain, Major Kenneth W. Henschel, recommended disapproval, stating:

Capt. Keith V. Chilgren can point to no experience during the crucial time period which would influence his conversion to conscientious objection status. Neither does he indicate any change in life-style which would support his claim. As such, his beliefs do not appear to be deeply held and this, in turn, casts serious doubt on his sincerity.

Captain Raymond R. McClean of the Medical Personnel Procurement Division, Officer of the Surgeon General, tersely concluded:

3. The sincerity of Captain Chilgren's alleged beliefs do not justify classification as a conscientious objector.

After consideration of these recommendations and the other documents in the file, Captain Christopher A. Somers of the Directorate of Personnel Program Actions, concluded:

3. In our opinion, Captain Chilgren has made a very shallow explanation concerning such significant items as the nature of his alleged beliefs, what factors contributed to his changed convictions, and why his beliefs became incompatible with military service. A review of what has been submitted fails to convince that the officer is sincere in his claim to conscientious objection.

* * * * * *

5. Captain Chilgren has not met the criteria for classification as a conscientious objector. There is every indication of insincerity and expediency to avoid his voluntary assumed obligation. His instant claim to conscientious objection coincides too conveniently with his pending call to active duty. Recommend disapproval.

Chilgren's file was then forwarded to Washington, D. C. There, Brigadier General Walter D. Reed for the office of the Judge Advocate General filed a report and recommended disapproval "because applicant has failed to establish that his professed beliefs are sincere and deeply held." On final review, the Secretary of the Air Force adopted the rationale of that report which stated in part:

Captain Chilgren has based his conscientious objection claim on his religious convictions as a member of the Lutheran Church, of which he has apparently been a devout member all his life. No evidence is offered as to how these beliefs have changed since his acceptance of an Air Force commission and of delays granted in being called to active duty to allow him to complete medical training. He states "My beliefs crystallized with my personal and religious maturation," yet offers no evidence of a change in life style as a result of this "crystallization" other than making his views public to his acquaintances.

* * * * * *

Considered in toto the application submitted by Captain Chilgren to support his claim of conscientious objec-

tion is a superficial recital of beliefs which might well be espoused by any Christian. He has provided no evidence that his professed conscientious objector beliefs are so sincere and deeply held as to have become the primary controlling force in his life and has provided no insight into how his beliefs have changed from those which he has always held.

On the basis of these recommendations by reviewing officers, none of whom ever saw or heard appellant, and in direct contradiction to the recommendations of those who personally interviewed him, Chilgren's application for a CO discharge was denied. Notice thereof was received by Chilgren on August 2, 1973, two days after his receipt of orders to report for active duty. He then instituted the instant habeas corpus action in the United States District Court.

Appellant raises three claims of error on the part of the District Court in denying his application for a writ: (1) That the Air Force failed to follow its own regulations, 32 CFR § 888e.28, which require that an applicant be given notice of any adverse information included in his record and a 15-day opportunity to rebut; (2) that he was entitled to testify in the District Court in support of his claim; and (3) that there was no basis in fact for the Air Force administrative determination that his beliefs were not sincerely held.

The District Court held against appellant on all of the points raised. Because of our disposition of the case on the basis-in-fact grounds, we find it unnecessary to resolve the first two points that appellant raises upon this appeal, and therefore we turn directly to the main issue.

The Supreme Court in Clay v. United States, 403 U.S. 698, 91 S.Ct. 2068, 29 L.Ed.2d 810 (1971), has with succinct clarity set forth the necessary showing for classification as a conscientious objector:

In order to qualify for classification as a conscientious objector, a regis-trant must satisfy three basic tests. He must show that he is conscientiously opposed to war in any form. Gillette v. United States, 401 U.S. 437, 91 S.Ct. 828, 28 L.Ed.2d 168. He must show that this opposition is based upon religious training and belief, as the term has been construed in our decisions. United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L. Ed.2d 733; Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed. 2d 308. And he must show that this objection is sincere. Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428. In applying these tests, the Selective Service System must be concerned with the registrant as an individual, not with its own interpretation of the dogma of the religious sect, if any, to which he may belong. United States v. Seeger, *supra*; Gillette v. United States, *supra*; Williams v. United States, 5 Cir., 216 F.2d 350, 352. [403 U.S. at 700, 91 S.Ct. at 2070]

■ Once the applicant makes a prima facie showing of these three elements, the burden then rests upon the reviewing agency to show a lawful reason for rejection. In Kemp v. Bradley, 457 F.2d 627 (8th Cir. 1972), although our holding turned on whether the Army applied a wrong standard in determining that a CO applicant lacked "depth of conviction," rather than making any finding about his "sincerity" of belief, we were faced with a factual situation almost identical to that in the instant case. There we said:

The district court found, and the government does not here dispute, that "Kemp's application established a prima facie entitlement to separation [from the Service] as a conscientious objector." The opinion of the Board failed to show a lawful reason for refusing to classify Kemp as a conscientious objector and release him from military service pursuant to Army Regulations. This prima facie case remained unrebutted following the action of the Board. [457 F.2d at 630.]

In other words, there must be a basis in fact for the rejection of the application.

■ In Packard v. Rollins, 422 F.2d 525 (8th Cir. 1970), we said:

We recognize, as did Judge Collinson, that the courts have limited power to review classifications made by the military. Estep v. United States, 327 U.S. 114, 122, 66 S.Ct. 423, 90 L. Ed. 567 (1946). It is "not for the courts to sit as super draft boards substituting their judgments on the weight of the evidence for those of the designated agencies. * * * *The classification can be overturned only if it has 'no basis in fact'.*" Witmer v. United States, 348 U.S. 375, 380–381, 75 S.Ct. 392, 395, 99 L.Ed. 428 (1955). See also United States v. St. Clair, 293 F.Supp. 337, 341 (E.D. N.Y.1968). [422 F.2d at 527 (emphasis supplied).]

The same basis-in-fact standard applies both to in-service applications and to Selective Service cases. Packard v. Rollins, *supra*, at 527.

■ In the instant case, the various reviewing officers indicated not only that the beliefs of the appellant were not deeply held, but also that there were serious doubts as to his sincerity. As we have said, the appropriate standard of review to be applied in these instances is whether there was a basis in fact for the decision. This has been taken to mean that the material to be found in the record which allegedly justifies denial of an application for CO status "need not be as comprehensive as 'substantial evidence,' though it cannot be a mere 'scintilla.'" United States ex rel. Checkman v. Laird, 469 F.2d 773, 787 (2d Cir. 1972). We accordingly look at the entire record to determine whether there was such a basis in fact for the Air Force's determination that appellant's application should be denied.

As previously noted, the hearing officers, Chaplain Murphy and Major Nordstrom, both recommended that the appellant be granted conscientious objector status and both fully supported his sincerity. In subsequent internal reviews, however, reviewing officers uniformly expressed doubt about appellant's sincerity, based solely on their examination of the documents contained in the record. Relying on these reviews, the Secretary decided to deny Chilgren's application.

We have reviewed the entire record and can find nothing upon which the Secretary could rationally have based such a decision.

Appellees suggest that the letters of support, which were attached to the appellant's claim for CO status, seemed contradictory and cast doubt on appellant's sincerity. We wholly disagree. When those letters are read in full, there is absolutely nothing upon which a finding of insincerity can be rationally predicated. As we noted earlier, one of appellant's other claims is that the Air Force failed to follow its own procedural regulations which require the furnishing of any adverse information to an applicant for discharge. Revealingly, appellees argue in their brief, and the District Court so held, in response to this claim, that the Air Force was not required to do so, because there was *no* adverse information contained in the file. With this we agree, for there *was* no adverse information contained therein. This contention leaves appellees in a paradoxical position at best. It is argued, on the one hand, that the Air Force was not required to furnish the record to appellant because it contained no adverse information; yet, on the other hand, appellees argue that there was a basis in fact in that same record which justified reversal of hearing officers' recommendations in appellant's favor. We fail to see how such a basis in fact could be found in a record containing no adverse information. *Cf.* Arlen v. Laird, 345 F.Supp. 181, 187 (S.D.N. Y.1972). As stated by the Second Circuit in Lovallo v. Resor, 443 F.2d 1262, 1264–1265 (2d Cir. 1971):

Where the applicant has stated his beliefs with apparent sincerity and no adverse demeanor evidence has been

introduced, the Conscientious Objection Review Board must predicate any finding of insincerity upon objective evidence affording a rational basis for the Board's refusal to accept the validity of the applicant's claims. Witmer v. United States, *supra*; United States v. James, 417 F.2d 826, 832 (4 Cir. 1969); Kessler v. United States, 406 F.2d 151, 156 (5 Cir. 1969). Absent such evidence, the military's administrative determination lacks a "basis in fact" and is therefore, rendered in violation of its own directive. *See also* United States ex rel. Checkman v. Laird, 469 F.2d 773, 778 (2d Cir. 1972).

On the record before us, since we find no objective evidence to justify denial of CO status to Chilgren, the administrative determination of the Air Force lacks a basis in fact. We remand this case to the District Court with directions to grant the appellant's petition for a writ of habeas corpus. *See* Kemp v. Bradley, 457 F.2d 627, 630 (8th Cir. 1972).