**Petition of Donald A. SINGER, Lt., USAFR, Petitioner,**

v.

**SECRETARY OF the AIR FORCE and Benjamin S. Catlin, III, Col., USAF, Commander, Headquarters Air Reserve Personnel Center, Denver, Colorado, Respondents.**

**Civ. A. No. C–5543.**

United States District Court, D. Colorado.

Dec. 4, 1974.

5. The EEO investigator's report only concerned activities from April 11, 1972 to June 30, 1972.

 

Rudolph Schware by Sander N. Karp, Denver, Colo., for petitioner.

James L. Treece, U. S. Atty., Denver, Colo., for respondents.

:

## OPINION AND ORDER

CHILSON, District Judge.

This is a habeas corpus action under 28 U.S.C. § 2241, challenging the decision by the Secretary of the Air Force to disapprove petitioner's application for discharge as a conscientious objector.

Petitioner accepted a commission in the United States Air Force on April 10, 1972, while in his third year at the University of Colorado Medical School. He entered the Air Force on May 18, 1972, under the Senior Medical Student Program, 32 C.F.R. § 905.14, which provides financial sponsorship for senior medical students. In return for this financial sponsorship, petitioner incurred an active duty commitment of three years commencing after completion of medical school. Upon completing medical school, petitioner was assigned to the Air Force Reserves in order to complete a one-year internship ending in July 1974; upon completion of this internship, petitioner is obligated to fulfill his active duty commitment.

Petitioner submitted an application for discharge as a conscientious objector on January 22, 1973, along with a tender of resignation from the Air Force. In his application, petitioner asserted, as required by 32 C.F.R. § 888e.10 (A.F.R. 35–24), that he was opposed to war in any form; that his opposition was based on his religious training and belief; and that his beliefs were sincerely and deeply held.

Pursuant to 32 C.F.R. §§ 888e.20–888e.24, petitioner was interviewed by a psychiatrist, Major G. Paul Hlusko, a chaplain, Lt. Colonel Donald E. Howell, and an investigating officer, Major Duncan L. Dieterly. The psychiatrist found petitioner to be free of psychiatric disorder. The chaplain recommended

approval of petitioner's application as follows:

"1. Lieutenant Singer's desire for CO status is a result of several months of philosophical and religious 'soul searching'. He has reached the point where he sincerely feels he cannot participate in the military service, not even as a non-combatant physician.

"2. I am thoroughly convinced this man's convictions are such that the Air Force will be completely justified in separating him as a bona fide Conscientious Objector."

Letter from Lt. Colonel Donald E. Howell, March 26, 1973.

The investigating officer also recommended approval of petitioner's application after holding a full hearing:

"After a thorough review of the entire record accumulated in this case, I must conclude that Lt. Singer is sincere and honest in his religious and moral beliefs and that expediency or avoidance of military service is not the basis · for his claim. His strong beliefs were generated out of recent experiences that occurred after he accepted his commission. The inconsistencies in his personal theology and philosophy do not detract from. his sincere belief in the 'ultimate wrong' of killing, war, and military service. The character evaluations all support the serious, reflective demeanor of the applicant. All the information available in this case indicates that Lt. Singer is opposed to war in all forms based upon a religious and moral belief that is sincerely and honestly held. Therefore, I recommend that Lt. Singer be classified as a I-O conscientious objector as defined under the criteria established by AFR 35-24."

Report of Hearing Officer, April 4, 1973, at pp. 7–8.

Pursuant to 32 C.F.R. §§ 888e.26–28, the record including the investigating officer's report, was forwarded for ac-

tion at the "decision level." Despite the unanimous recommendations for approval by all of the subordinate interviewing officers, the reviewing officers at the "decision level" all recommended disapproval of petitioner's application. The reasons given for these recommendations of disapproval included statements doubting the depth of petitioner's beliefs and his sincerity, and statements that petitioner's acts were inconsistent with his stated beliefs. The Secretary of the Air Force ultimately denied petitioner's application on November 2, 1973, as ' follows:

"He [Lt. Singer] did not demonstrate that he is conscientiously opposed to participation in war in any form and that his beliefs are founded on religious training and belief or moral and ethical beliefs. Further, his actions are inconsistent with his alleged beliefs, and cast considerable doubt on the depth and sincerity of his claim of conscientious objection."

Thereupon, this petition was filed by petitioner, respondent replied thereto and petitioner traversed the defendant's response. Thereafter, the parties filed briefs in support of their respective contentions.

■■■ The jurisdictional bases for this action are alleged to be 28 U.S.C. §§ 1331, 1361, 2241 and 2242. The proper basis for jurisdiction is 28 U.S.C. § 2241, as it has been held that a member of the military is "in custody" within the statutory definition when he is held contrary to a valid claim of conscientious objection. Arlen v. Laird, 451 F. 2d 684, 686 (2d Cir. 1971), on remand, 345 F.Supp. 181 (S.D.N.Y.1972); Rastin v. Laird, 445 F.2d 645 (9th Cir. 1971); Johnson v. Laird, 435 F.2d 493 (9th Cir. 1970); Kern v. Laird, 335 F. Supp. 824, 826 (D.Colo.1971). See generally, Annot., 10 A.L.R. Fed. 15, 59 et seq. See Strait v. Laird, 406 U.S. 341, 92 S.Ct. 1693, 32 L.Ed.2d 141 (1972); Parisi v. Davidson, 405 U.S. 34, 35, 92 S.Ct. 815, 31 L.Ed.2d 17 (1972); Scaggs v. Larsen, 396 U.S. 1206, 90 S.

Ct. 5, 24 L.Ed.2d 28 (1969). A member of the reserves is also "in custody" for purposes of 28 U.S.C. § 2241. Kern v. Laird, *supra*. Thus, the Court has habeas corpus jurisdiction to review the denial of petitioner's application in this case.

■ The scope of review in a case of this kind has been characterized as the "narrowest known to the law." Cole v. Clements, 494 F.2d 141, 144–145 (10th Cir. 1974); petition for cert. filed September 9, 1974, No. 74–250, 43 U.S.L.W. 3257 (October 29, 1974); Smith v. Laird, 486 F.2d 307, 309 (10th Cir. 1973); Bishop v. United States, 412 F. 2d 1064, 1067 (9th Cir. 1969). The Court is limited to ascertaining "whether there exists in the record a basis in fact for the denial of an in service applicant's application for classification as a conscientious objector." Smith v. Laird, *supra*, 486 F.2d at 309. See Parisi v. Davidson, *supra*, 405 U.S. at 35, 92 S.Ct. 815; Estep v. United States, 327 U.S. 114, 122–123, 66 S.Ct. 423, 90 L.Ed. 567 (1946); United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965).

■ In Smith v. Laird, *supra*, 486 F. 2d at 309–310, a case strikingly similar to the present case, the Tenth Circuit Court of Appeals set out the criteria which an applicant must establish in order to qualify as a conscientious objector as follows:

"To qualify for discharge from the armed forces as a conscientious objector, an applicant must establish that:

"1. He is opposed to war in any form, Gillette v. United States, 401 U.S. 437, 91 S.Ct. 828, 28 L.Ed.2d 168 (1971); [reh. denied, 402 U.S. 934, 91 S.Ct. 1521, 28 L.Ed.2d 869];

"2. His objection is grounded upon religious principles as enunciated in Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L. Ed.2d 308 (1970) and United 85 S.Ct. 850, 13 L.Ed.2d 733 (1965); and

"3. His beliefs are sincerely held, Witmer v. United States, 348 U. S. 375, 75 S.Ct. 392, 99 L.Ed. 428 (1955). footnote omitted)"

See Clay v. United States, 403 U.S. 698, 700, 91 S.Ct. 2068, 29 L.Ed.2d 810 (1971); United States v. Fuller, 497 F. 2d 551 (6th Cir. 1974). Since discharge from the service is a matter of legislative grace rather than constitutional right, Gillette v. United States, *supra*, 401 U.S. at 461 n. 23, 81 S.Ct. 828; Dickinson v. United States, 346 U.S. 389, 395, 74 S.Ct. 152, 98 L.Ed. 132 (1953), the petitioner bears the burden of establishing at least a prima facie case of conscientious objection under these criteria before he may be awarded a discharge. Cole v. Clements, *supra*, 494 F.2d at 144–145; Smith v. Laird, *supra*, 486 F.2d at 310; Fleming v. United States, 344 F.2d 912, 915 (10th Cir. 1965); Swaczyk v. United States, 156 F.2d 17, 19 (1st Cir.), cert. denied, 329 U.S. 726, 67 S.Ct. 77, 91 L.Ed. 629 (1946); Arlen v. Laird, *supra*, 345 F. Supp. at 185–186. See Dickinson v. United States, *supra*, 346 U.S. at 395, 74 S.Ct. 152.

■ As explained in Arlen v. Laird, *supra*, 345 F.Supp. at 186, "[t]his burden is met when nonfrivolous allegations of fact are presented, and no adverse demeanor evidence has been introduced or culled from the applicant's file. [Citing cases.]" (footnotes omitted). See United States v. Stetter, 445 F.2d 472, 477 (5th Cir. 1971); Lovallo v. Resor, 443 F.2d 1262, 1264 (2d Cir. 1971); Bates v. Commander, First Coast Guard District, 413 F.2d 475, 478 n. 4 (1st Cir. 1969). See also Mulloy v. United States, 398 U.S. 410, 416, 90 S.Ct. 1766, 26 L. Ed.2d 362 (1970) (applying this standard to a case of reopening registrant's initial selective service classification.) *

* Many cases cited in support of this proposition involve claims raised by selective service registrants. The same standards of judicial review apply to conscientious objector claims raised by registrants and in service applicants. Estep v. United States, 327 U.S. 114, 122–123, 66 S.Ct. 423, 90 L.Ed. 567 (1946).

Under this standard, petitioner has surely met his burden of proof. He has alleged nonfrivolous facts in his application which support the conclusion that he is conscientiously opposed to war in any form on the basis of religious training and beliefs, and that his beliefs are sincerely and deeply held.

■ In reviewing the denial of conscientious objector applications, the courts uniformly ascribe great weight to the opinions and recommendations of the officers who personally interviewed the applicant in the first instance. Only the interviewing officers are in a position to judge the applicants's credibility, sincerity and depth of conviction from observing his demeanor first-hand. Clay v. United States, *supra*, 403 U.S. at 703, 91 S.Ct. 2068; Smith v. Laird, *supra*, 486 F.2d at 313; Rastin v. Laird, *supra*, 445 F.2d 645; United States ex rel. Brooks v. Clifford, 409 F.2d 700, 705, 708, (4th Cir. 1969); Arlen v. Laird, *supra*, 345 F.Supp. at 187; Taylor v. Chaffee, 327 F.Supp. 1131, 1136–1137 (C.D.Calif.1971). In fact, some cases have held that a unanimous determination by the interviewing officers that the applicant is sincere in his beliefs, as is the case here, automatically negates any basis in fact for a contrary decision at the "decision level." See Nachand v. Seaman, 328 F.Supp. 753, 757 (D.Md.1971); Talford v. Seaman, 306 F.Supp. 941 (D.Md.1969); Reitemeyer v. McCrea, 302 F.Supp. 1210 (D.Md.1969).

In this case all of the interviewing officers unanimously found petitioner to be conscientiously opposed to war in any form based upon religious training and beliefs, and that his beliefs are sincerely and deeply held. All interviewing officers recommended approval of petitioner's application for discharge.

■ When an applicant has succeeded in establishing a prima facie case of conscientious objection under the criteria outlined in Smith v. Laird, *supra*, as in this case, and his application has been denied, the Government must show some basis in fact for the denial. In order to meet this requirement,

> "[t]he government must show some hard, reliable, provable facts which would provide a basis for disbelieving the applicant's sincerity, or it must show something concrete in the record which substantially blurs the picture painted by the applicant."

Smith v. Laird, *supra*, 486 F.2d at 310. See Chilgren v. Schlesinger, 499 F.2d 204, 207 (8th Cir. 1974); Cole v. Clements, *supra*, 494 F.2d at 145; United States ex rel. Checkman v. Laird, 469 F.2d 773, 778 (2d Cir. 1972). See also, Fleming v. United States, *supra*, 344 F.2d at 915. The Government cannot support its denial of an application on the basis of mere disbelief, speculation, surmise, or suspicion of the applicant's motivation. Dickinson v. United States, *supra*, 346 U.S. at 397, 74 S.Ct. 152; Smith v. Laird, *supra*, 486 F.2d at 310. Nor may the Government question the "truth" of the applicant's stated beliefs. United States v. Seeger, *supra*, 380 U.S. at 185, 85 S.Ct. 850.

■ In its memorandum in opposition to the petition for habeas corpus, the Government alleges two general bases in fact for the Secretary's denial of petitioner's application for discharge:

(1) The Government asserts that petitioner by his own admission is not a member of a recognized religious sect; that he has never held a job indicative of his professed highly moralistic and religious life style; that the nature of his activities and life style has not changed significantly since his views allegedly crystallized; and that his recent reading material has been of a political rather than a religious nature. These facts, the Government contends, are enough to form a basis for doubting petitioner's reliance on moral and religious training as the foundation of his beliefs.

■ It is clear beyond question that an applicant for discharge as a conscientious objector need not be a member of a recognized religious sect. Welsh v. Unit-

ed States, *supra;* United States v. Seeger, *supra.*

The assertion that petitioner has never held a job indicative of his beliefs is largely irrelevant, but in any event is refuted by the fact that petitioner is a medical doctor. Since petitioner's reasons for seeking conscientious objector status are grounded in his concern for the sanctity of human life, and the incompatability of medicine and the military, his chosen profession is highly indicative of his professed beliefs.

Moreover, it has never been required that an applicant reflect a significant change in life style in order to qualify for discharge as a conscientious objector. See Arlen v. Laird, *supra,* 345 F.Supp. at 188 (and cases there cited); Kern v. Laird, *supra,* 335 F.Supp. at 828–829. See also, Chilgren v. Schlesinger, 368 F.Supp. 1375, 1378 (D.Minn.), rev'd, 499 F.2d 204 (8th Cir. 1974); United States ex rel. Healy v. Beatty, 424 F.2d 299, 302 (5th Cir. 1970).

The fact that petitioner's reading material included books of a political nature, specifically relating to criticism of the Viet Nam War does not constitute a basis in fact for doubting petitioner's sincerity. Petitioner's reading habits reflected an opposition to at least one war partially on political grounds. There is nothing in the record, however, to show that petitioner did not sincerely oppose all war on religious and moral grounds. See Bates v. Commander, First Coast Guard District, *supra,* 413 F.2d at 479; Kern v. Laird, *supra,* 335 F.Supp. at 829.

Thus the Government's first general allegation does not amount to a basis in fact for denying petitioner's application for discharge.

(2) The Government asserts that the timing of petitioner's application for discharge raises serious doubts concerning his sincerity. Specifically, these doubts stem from petitioner's having applied for discharge less than one year after he had accepted a commission in the Air Force with no mental reservations. In this connection, the Government points out that petitioner waited to file his application only until after he had received the benefits of the Senior Medical Student Program, financial sponsorship of his senior year in medical school, and was about to be called to active duty.

It is clear that "mere entry into the Armed Forces [with no mental reservations], or continued service therein, cannot be taken as evidence of insincerity, for otherwise the provision for in-service conscientious objection would be meaningless." Carney v. Laird, 326 F.Supp. 741, 748 (D.R.I. 1971).

Since the crucial question is whether petitioner's beliefs are sincerely held, Helwick v. Laird, 438 F.2d 959, 963 (5th Cir. 1971), rather than when these beliefs crystallized, the timing of the application is only one of many factors to be considered in testing petitioner's stated beliefs. Smith v. Laird, *supra,* 486 F.2d at 311. As the 10th Circuit noted in *Smith:*

"It has been held . . . that the filing of an application for classification as a conscientious objector *after* receipt of orders to report to a combat zone is in and of itself insufficient grounds for denying an application. See e. g., Tressan v. Laird, 454 F.2d 761 (9th Cir. 1972); Rothfuss v. Resor, 443 F.2d 554 (5th Cir. 1971)." (emphasis added)

Smith v. Laird, *supra,* 486 F.2d at 311 n. 10.

The Government argues that petitioner's beliefs are insincere because they crystallized too rapidly after he accepted his commission. On the other hand, however, the Government maintains that in waiting to file his application until he had reaped the benefits of the Senior Medical Student Program, petitioner waited too long. If this argument were accepted, petitioner could never be successful in asserting an in-service claim of conscientious objection, despite the

**1376**

clear intent of the regulations to allow such claims.

■ Moreover, the Government seeks to use petitioner's acceptance of substantial financial benefits under the Senior Medical Student Program as a basis for doubting his sincerity. The Courts have uniformly refused to consider an applicant's alleged debt to the taxpayers as a valid judicial concern in reviewing denials of conscientious objector applications. See e. g., Taylor v. Chaffee, 327 F.Supp. 1131, 1136 (C.D.Cal. 1971). This issue has arisen in several cases in which courts have granted writs of habeas corpus conditioned upon the applicant's repaying the Government for financial benefits received either by way of monetary reimbursement or by some form of alternate public service. The Tenth Circuit explained the unanimous unfavorable view of this procedure as follows:

> "We feel that the decision to impose conditions, if any, on the discharge of in-service conscientious objectors, including those who have had a portion or all of their education paid for by the armed forces, is a question which should be resolved in the Congress and not in the federal courts on a case by case basis."

Smith v. Laird, *supra*, 486 F.2d at 314 (and cases there cited). See McCullough v. Seamans, 348 F.Supp. 511, 512 (E.D.Cal.1972); Taylor v. Chaffee, *supra;* Carney v. Laird, *supra*.

Thus, the Government's second general allegation does not amount to a basis in fact for denying petitioner's application.

In view of the determination that there is no basis in fact to support the Secretary's denial of petitioner's application for discharge as a conscientious objector, the petition should be granted.

It is therefore ordered that the petition for writ of habeas corpus is hereby granted and the respondents shall forthwith take such action as may be necessary or appropriate to grant the petitioner his relief from military service as a conscientious objector.